**C. W. Miller, Appellant, v. Yellow Cab Company et al., Appellees.**

**Gen. No. 41,352.**

Opinion filed January 22, 1941. Rehearing denied February 5, 1941.

LEDERER, LIVINGSTON, KAHN & ADSIT, of Chicago, for appellant; SIGMUND LIVINGSTON, of counsel.

SAMUEL A. & LEONARD B. ETTELSON, of Chicago, for appellees; EDWARD C. HIGGINS and ROBERT E. SAMUELS, both of Chicago, of counsel.

MR. JUSTICE BURKE delivered the opinion of the court.

On August 11, 1938, C. W. Miller and the Western Casualty & Surety Company, a corporation, filed a two-count complaint in the circuit court of Cook county. The first count, in behalf of C. W. Miller, avers that defendant, Yellow Cab Company, is a common carrier of passengers in the city of Chicago; that on January 11, 1937, he became a passenger for hire in a cab operated by said defendant, which cab was being operated

by defendant through its servant, George Barr, also a defendant; that another defendant, Charles Joyce, was the owner of a motor vehicle which was being operated by its servant Leonard C. Joyce, another defendant, in an easterly direction on Harrison street approaching its intersection with Homan avenue; that the cab in which Miller was a passenger was being operated by George Barr in a southerly direction on Homan avenue approaching its intersection with Harrison street; that by reason of various acts of negligence of the defendants, Miller was injured externally and internally; that at all relevant times Miller was in the exercise of due care for his own safety; and the first count concluded, ''Wherefore, plaintiff, C. W. Miller, hereby recognizing the prior right or claim of the other plaintiff herein to $2,100.00 by virtue of an award in that amount by the Industrial Accident Board of Texas under the Texas Workmens' Compensation Law, asks judgment against the defendants, Yellow Cab Company, a corporation, George Barr, Leonard C. Joyce and Charles Joyce for $25,000.00.'' Count 2, in behalf of the Western Casualty & Surety Company, a corporation, adopted the allegations of count 1, and in addition averred that the injuries sustained by Miller were accidental injuries arising out of and suffered in the course of his employment as an employee of Sears, Roebuck & Company, a corporation, in the State of Texas, and that said injuries were such as to warrant compensation to Miller under the Workmen's Compensation law of Texas; that such injuries were not proximately caused by the negligence of the employer or Miller or any of its employees, or by plaintiff, the Western Casualty & Surety Company, but were caused under circumstances creating a legal liability for damages on the part of the defendants; that on February 9, 1937, Miller filed before the Industrial Accident Board of the State of Texas a claim for compensation for the injuries against Sears Roebuck &

Company; that on or about February 9, 1938, the board entered an order approving a settlement agreement under and by virtue of which the Western Casualty & Surety Company paid to Miller the sum of $2,100 for and on behalf of his employer; that by virtue of the order of the Industrial Accident Board of the State of Texas, the Western Casualty & Surety Company thereupon "became and was and still is" subrogated to certain rights of Miller; that it "now joins in this suit as said subrogee and hereby asserts its prior claim against the defendants herein named to the $2,100.00 payable for injuries received by said plaintiff, C. W. Miller." This count concluded by asking that judgment be entered in favor of the Western Casualty & Surety Company and against the defendants in the sum of $2,100. In the original complaint Lederer, Livingston, Kahn, Adler & Adsit and A. B. Litow appeared as attorneys for the plaintiffs. The answer of the Yellow Cab Company denied the allegations that Miller was in the exercise of due care and denied that defendants were guilty of any of the acts of negligence charged. The answer also denied that the corporate plaintiff was entitled to recover any sum. The answer further asserted that the action could not be maintained because the defendant Yellow Cab Company was operating under the provisions of the Illinois Workmen's Compensation Act, and that at the time of the injury Miller was an employee of Sears, Roebuck & Company and that the injury occurred in the course of his employment; that Sears, Roebuck & Company was likewise under the provisions of the Illinois Compensation Act; that the injury occurred in Illinois, and that by reason of the provisions of sections 6 and 29 of the Illinois Workmen's Compensation Act, Miller could not maintain his action. The plaintiffs moved to strike the answer of the Yellow Cab Company. On October 27, 1938, "on motion of plaintiffs" the court struck count 2 of

the complaint, also all the answers, granted leave to plaintiffs to amend count 1 of the complaint within 10 days, and directed all defendants to answer the complaint as amended within 10 days thereafter. The amended complaint was filed in behalf of C. W. Miller against all of the defendants. This amended complaint was similar to the first count of the original complaint. It did not, however, mention the payment of $2,100 by virtue of an award by the Industrial Accident Board of Texas. On November 17, 1938, on motion of "Lederer, Livingston, Kahn, Adler & Adsit, Attorneys for plaintiff C. W. Miller," the Western Casualty & Surety Company was dismissed as a party plaintiff, and A. B. Litow was permitted to withdraw as co-counsel for plaintiffs. On November 30, 1938, the Yellow Cab Company filed an answer to the amended complaint. The answer reasserts the defense theretofore made. On motion of plaintiff, certain portions of this answer were stricken, whereupon an amended answer to the amended complaint was filed. A motion by plaintiff to strike the amended answer of the corporate defendant was denied. Plaintiff thereupon filed a reply that he is and has been for the past five years a resident of the State of Texas; that he is an employee of Sears, Roebuck & Company, a corporation, organized under the laws of the State of New York and having places of business in various States of the Union, including New York, Pennsylvania, Illinois, California and Texas; that said corporation is engaged in the mail order and chain merchandise business throughout the various States; that he was employed for the specific purpose of managing the store of his employer at San Antonio, Texas, and that this was his sole employment; that his contract of employment was made in the city of San Antonio, Texas; the place of his residence, and the place where his services were to be rendered; that the defendant was incorporated under the laws of the State of Maine and conducts the

business of a common carrier in the city of Chicago; that on January 11, 1937, plaintiff traveled from his home in San Antonio, Texas, to the city of Chicago and there became a passenger for hire in a taxicab, and while such passenger he was injured as complained of in the amended complaint; that while he was in the city of Chicago he had no services to render to his employer and did not engage in any services except that he intended to consult the president or other executive of his employer concerning matters relative to the business under his management in San Antonio; that his trip to Chicago was not a usual concomitant of the business in which he was engaged, and that the said conference was purely casual in nature and would last only a part of the day, and that he did not visit Chicago more than once or twice a year. Plaintiff states that the employees of Sears, Roebuck & Company engaged in its business in the State of Texas are under the provisions of the Workmen's Compensation Act of that State, and denies that employees of Sears, Roebuck & Company whose places of employment are in the State of Texas and who are residents of the State of Texas, are under the provisions of the Illinois Workmen's Compensation Act. The reply asserts that the law of the State of Texas by its express terms relates to injuries to employees received in the course of employment in that State and other places; that said provisions of the law are contractual and that said law forms part of the contract of plaintiff's employment. The reply admits he made application for and received compensation for injuries growing out of the occurrence complained of from his employer in the State of Texas; that under and by virtue of the laws of Texas under which he received such compensation from his employer, the right to maintain a suit against a tort-feasor or any third person causing personal injury to him is not barred except as to his employer, and that under the law of that State, in force

at the time of the injury complained of and ever since, the right to maintain an action at law against any person, save and except his employer, causing injury to him, is reserved unto such injured employee; that the compensation received by such injured employee under the Workmen's Compensation law of the State of Texas does not bar the right of action against any third person causing the injury; that the law of Texas provides that in any recovery had against such third person by such injured employee, the amount of compensation paid to him by his employer shall first, out of any recovery had against such third person, be returned to such employer. The reply denies that the public policy of the State of Illinois prohibits the maintenance of the action, and asserts that the policy of this State recognizes the right of plaintiff to maintain the action, and also recites that the amount of compensation received by him from his employer was $2,701.58; that this employer has not been reimbursed by the Yellow Cab Company, nor has the defendant offered or tendered such reimbursement to his employer. On motion of defendant Yellow Cab Company, the reply was stricken and judgment rendered on the pleadings for the defendant Yellow Cab Company and against the plaintiff C. W. Miller. The record does not show what action, if any, was taken as to the individual defendants George Barr, Leonard C. Joyce and Charles Joyce. Presumably, the case is pending as to them. This appeal is prosecuted by plaintiff for the purpose of reviewing the action of the court in entering a judgment on the pleadings in favor of the Yellow Cab Company and against the plaintiff.

The record shows that plaintiff's contract of employment, his domicile and the place of his employment is in the State of Texas; that the injury occurred while he was in Illinois, and that at the time of the occurrence he was in and about the business of his employer and within the scope of his employment. Defendant

maintains that the law of the State where a personal injury occurred is applied by the courts in determining the rights and liability of the parties on account of such injuries, and that the record shows that Sears, Roebuck & Company, the employer, the plaintiff as employee, and the defendant were all under the Illinois Workmen's Compensation Act at and prior to the time of plaintiff's injury, and that plaintiff was injured in the course of his employment. Defendant also urges that by the adoption of the Workmen's Compensation Act, the State of Illinois established a fixed public policy in relation to compensation to be paid to employees receiving injuries in the course of their employment. We are of the opinion that the record establishes that plaintiff was injured while in the course of his employment. Plaintiff argues that he was not under the Illinois Workmen's Compensation Act at the time of the injury, and that the public policy of this State does not disfavor the maintenance of the action. Section 19 of the Workmen's Compensation law of Texas, title 130, provides that:

"If an employee who has been hired in this state sustains injury in the course of his employment, he shall be entitled to compensation according to the law of this state, even though such injury was sustained outside of the state and such employee, though injured out of the state of Texas, shall be entitled to the same rights and remedies as if injured within the state of Texas." Section 6-a of article 8307, title 130, of the statutes of the State of Texas preserves the right to recover damages where the injury is caused under circumstances creating a legal liability in some person other than the employer. The act provides that where compensation is granted to the injured person, the insurer is subrogated to the employee's right of action against third parties, but that any recovery in excess of the compensation paid or payable must be paid over to the injured employee. The Illinois Act is entitled,

"AN ACT to promote the general welfare of the people of this State by providing compensation for accidental injuries or death suffered in the course of employment within this State, and without this State where the contract of employment is made within this State; providing for the enforcement and administering thereof, and a penalty for its violation, and repealing an act entitled, 'An act to promote the general welfare of the people of this State by providing compensation for accidental injuries or death suffered in the course of employment.' " (Ch. 48, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 143.17 *et seq.*].) The second paragraph of section 5 of our act (par. 142, ch. 48, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 143.20]) defines the term "employee" as "every person in the service of another under any contract of hire, express or implied, oral or written, including persons whose employment is outside of the State of Illinois where the contract of hire is made within the State of Illinois. . . ." Section 6 (par. 143) of our act provides that no law or statutory right to recover damages for injury or death sustained by any employee while engaged in the line of his duty as such employee, other than the compensation herein provided, shall be available to any employee who is covered by the provisions of this act, or to any one entitled to recover damages for such injury or death. Section 29 (par. 166) of our act provides that where an injury for which compensation is payable by the employer was not proximately caused by the negligence of his employer or employees and was caused under circumstances creating a legal liability for damages in some person other than the employer to pay damages, such other person having also elected to be bound by the act, then the right of the employee to recover against such other person is transferred to his employer, and such employer may bring legal proceedings against such other person to recover the damages sustained, in an amount not exceeding the aggregate amount of com-

pensation payable under this act, by reason of the injury to such employee. This section further provides that where the injury for which compensation is payable was not proximately caused by the negligence of the employer or employees and was caused under circumstances creating a legal liability on the part of some person other than the employer to pay damages, such other person having elected not to be bound by the act, then legal proceedings may be taken against such other person to recover damages notwithstanding such employer's payment of or liability to pay compensation; and that in such case if judgment is obtained and paid or settlement is made with such third person, either with or without suit, then from the amount received by such employee there shall be paid to the employer the amount of compensation paid or to be paid by him to such employee. Thus, both Illinois and Texas recognize that the Compensation Act covers an employee who sustains an injury in the course of his employment outside of the State where the contract of employment, express or implied, is made within the State. The defendant declares that Sears, Roebuck & Company, the plaintiff and itself (Yellow Cab Co.) are bound by the Illinois Workmen's Compensation Act, and that the provisions of section 29 thereof are an effectual bar to the action. It is argued that if the case be governed by section 29, plaintiff cannot recover, having received compensation under the Workmen's Compensation Act of Texas. While section 29 of the Illinois act does not allow the employee to recover damages where the third party is also under the Compensation Act, the Texas act heretofore mentioned allows the employee to recover against the third party tort-feasor for an amount in excess of the compensation received, whether or not the third party and its employees are under the act. Hence, if the Texas act be applicable to the factual situation before us, plaintiff's action may be maintained. Our courts hold

that section 6 of our act, doing away with the common-law right to recover damages for injury or death sustained by an employee, applies to the right of an employee against his employer and has no reference to the liability of third persons. *Goldsmith v. Payne,* 300 Ill. 119. As we have seen, it is the public policy of Illinois that our compensation act applies to a situation where a person is injured beyond the borders of our State where the contract of hire is made within the State. The proposition confronting us is whether a person hired in a sister State and who is injured in our State while in the line of his duty, is governed by the act of the State where the hiring took place. This brings us to the inquiry as to whether there is anything in the public policy of Illinois, which disapproves the prosecution of the instant action. In *Cole v. Industrial Commission,* 353 Ill. 415, it appears that Fred Thews sustained an accidental injury arising out of and in the course of his employment by the co-partnership of Nelson J. Cole & Sons. The injury occurred in Kankakee county, Illinois, where the employers were engaged in the construction of drainage works. As a result of the injuries the employee died. The arbitrator awarded compensation for the benefit of the widow and her two minor children, which was affirmed by the Industrial Commission and by the circuit court. There was no dispute about the facts. The employers resided in Indiana. The deceased and his family were residents of that State and the contract of employment was made there. In 1930, he was engaged by his employers for work being done by them in Indiana. In 1931, the employers had no work in Indiana, but contracted to do work in Kankakee county, Illinois, and hired the deceased to work on that job. Our Supreme Court discussed the case of *Bradford Electric Light Co. v. Clapper,* 286 U. S. 145, and concluded (page 419) that ''no substantial distinction is to be made between the law and the facts in the

*Clapper case supra,* and in the instant case. The contract of employment herein having been entered into in the State of Indiana between parties who were subject to the terms of the Indiana Compensation act, the provisions of the act for an exclusive remedy under it must prevail. No other remedy is available. *Johnston v. Industrial Com.* 352 Ill. 74." The court accordingly reversed the judgment confirming the award. The *Clapper* case was an action for damages brought in a New Hampshire court for the death of Leon J. Clapper. The case was removed to the federal court on the ground of diversity of citizenship, the defendant being a citizen and resident of Vermont and the plaintiff being a citizen and resident of New Hampshire. The company had its principal place of business in Vermont and lines extending into New Hampshire. Leon J. Clapper, a resident of Vermont, was employed by it there as a lineman for emergency service in either State. In the course of his duties he was sent to restore some burned-out fuses at a substation in New Hampshire, and while doing so was killed. The company, invoking the full faith and credit clause of the Federal Constitution, set up as a special defense that the action was barred by the provisions of the Vermont Compensation Act; that the contract of employment had been entered into in Vermont, where both parties to it then, and at all times thereafter resided, and that the Vermont act had been accepted by both employer and employee as a term of the contract. The district court ruled that the action was properly brought under the laws of the State of New Hampshire and that the Vermont Workmen's Compensation Act had no extra-territorial effect. The trial resulted in a verdict for the plaintiff on which judgment was entered. The judgment was affirmed by the circuit court of appeals. The Vermont act provides that a workman hired within the State shall be entitled to compensation even though the injury was received outside of the state. The New

Hampshire Workmen's Compensation Act contains a provision that the employee may, subsequent to the injury, still elect either to claim compensation, or to sue for damages at common law. Our Federal Supreme Court stated (page 158) that: ''The relation between Leon Clapper and the Company was created by the law of Vermont; and as long as that relation persisted its incidents were properly subject to regulation there. For both Clapper and the Company were at all times residents of Vermont; the Company's principal place of business was located there; the contract of employment was made there; and the employee's duties required him to go into New Hampshire only for temporary and specific purposes, in response to orders given him at the Vermont office. The mere recognition by the courts of one State that parties by their conduct have subjected themselves to certain obligations arising under the law of another State is not to be deemed an extra-territorial application of the law of the State creating the obligation. . . . It is true that the full faith and credit clause does not require the enforcement of every right conferred by a statute of another State. There is room for some play of conflicting policies. Thus, a plaintiff suing in New Hampshire on a statutory cause of action arising in Vermont might be denied relief because the forum fails to provide a court with jurisdiction of the controversy; see *Chambers v. Baltimore & Ohio R. Co.,* 207 U. S. 142, 148, 149, compare *Douglas v. New York, N. H. & H. R. Co.,* 279 U. S. 377, or because it fails to provide procedure appropriate to its determination, see *Tennessee Coal, Iron & R. Co. v. George,* 233 U. S. 354, compare *Slater v. Mexican National R. Co.,* 194 U. S. 120, 128, 129; or because the enforcement of the right conferred would be obnoxious to the public policy of the forum, compare *Bothwell v. Buckbee, Mears & Co.,* 275 U. S. 274, 277–279; *Union Trust Co. v. Grosman,* 245 U. S. 412; *Bond v. Hume,*

243 U. S. 15, 25; *Converse v. Hamilton,* 224 U. S. 243, 260, 261; or because the liability imposed is deemed a penal one, see *Galveston, H. & S. A. Ry. Co. v. Wallace,* 223 U. S. 481, 490, compare *Stewart v. Baltimore & Ohio R. Co.,* 168 U. S. 445, 448. . . . Moreover, there is no adequate basis for the lower court's conclusion that to deny recovery would be obnoxious to the public policy of New Hampshire. No decision of the state court has been cited indicating that recognition of the Vermont statute would be regarded in New Hampshire as prejudicial to the interests of its citizens. In support of the contention that the provision of the Vermont Act is contrary to the New Hampshire policy, it is urged that New Hampshire's compensation law is unique among workmen's compensation acts in that it permits the injured employee to elect, subsequent to injury, whether to bring a suit based upon negligence or to avail himself of the remedy provided by the Act; and that the legislature of New Hampshire has steadily refused to withdraw this privilege. But the mere fact that the Vermont legislation does not conform to that of ·New Hampshire does not establish that it would be obnoxious to the latter's public policy to give effect to the Vermont statute in cases involving only the rights of residents of that State incident to the relation of employer and employee created there.'' The court concluded that the rights as between the company and Clapper, or his representative, were to be determined according to the Vermont act, and reversed the judgment. Defendant leans heavily on the case of *Pacific Employers Ins. Co. v. Industrial Accident Commission,* 10 Cal. (2d) 567, which was also reviewed by the Federal Supreme Court, 306 U. S. 493. From that case it appears that Kenneth Tator, the injured employee who was regularly employed in Massachusetts, was injured while temporarily in California on business for his employer. It was claimed that he was subject to the

Workmen's Compensation Act of Massachusetts. The California Industrial Accident Commission applied the California act. It was contended that in refusing to recognize the Massachusetts act, the full faith and credit clause of the Federal Constitution was violated. The Supreme Court of California felt that under the constitution and statutory provisions of California, the employee was governed by the Compensation Act of that State. The California Supreme Court said, page 578:

"The public policy of California upon this question has been clearly and positively stated in the Constitution, the workmen's compensation law which was enacted pursuant to it, and the decisions of this court. It would be obnoxious to that policy to deny persons who have been injured in this state the right to apply for compensation when to do so might require physicians and hospitals to go to another state to collect charges for medical care and treatment given to such persons. Under these circumstnces the governmental policy of California weighs more heavily in the scale of decision than the law of Massachusetts and the conflict in laws must be resolved in favor of the state where the injury occurred." In reviewing the California case, our Federal Supreme Court (306 U. S. 493) pointed out that in the *Clapper* case the court was careful to say that there was nothing in the New Hampshire statutes, the decisions of her courts, or in the circumstances of the case, to suggest that reliance on the provisions of the Vermont statute as a defense to the New Hampshire suit, was obnoxious to the policy of New Hampshire, and that the *Clapper* case decided no more than that a State statute applicable to employer and employee within the State, which by its terms provides compensation for the employee if he is injured in the course of his employment while temporarily in another State, will be given full faith and credit in the latter when not obnoxious to its

policy. The court then found that the Supreme Court of California decided that the enforcement of the Massachusetts Compensation Act would be obnoxious to the public policy of California. The decisions in the *Clapper* case and the *Pacific Employers Insurance* case are consistent. The principle of the *Cole* case has been followed by our Supreme Court in *Biddy v. Blue Bird Air Service,* 374 Ill. 506. See also *Johnston v. Industrial Commission,* 352 Ill. 74; *Kennedy-Van Saun Manufacturing & Engineering Corp. v. Industrial Commission,* 355 Ill. 519, 523; *Beall Bros. Supply Co. v. Industrial Commission,* 341 Ill. 193; *Wintersteen v. National Cooperage & Woodenware Co.,* 361 Ill. 95. In the *Wintersteen* case our Supreme Court held that the maintenance of a personal injury case against a third party brought by an employee who was bound by the Pennsylvania Compensation Act, which permitted action against third persons because of injury, was not against the public policy of this State. The court said (page 101):

"The action here is in tort for injuries to the person of the plaintiff. Such action is not prohibited by any statute of this State, nor is the maintenance of the action against public morals, natural justice or the general interest of the citizens of this State. In that situation the doctrine of comity applies and the cause of action may be pursued in such courts of our State as have jurisdiction of the subject matter and the person of the defendant." It is manifest, therefore, that the public policy of Illinois is not opposed to the maintenance of the action in the instant case. The place where the injury occurred is not a decisive factor as to whether the Illinois Workmen's Compensation Act applies, or the Compensation Act of the State where the contract of employment was made and where the injured person was domiciled and where his employment was to be performed. The contract of plaintiff and Sears, Roebuck & Company was

entered into in the State of Texas and the parties contemplated that the law of the State of Texas should govern their rights. We are of the opinion that section 29 of the Illinois Workmen's Compensation Act is not a bar to the prosecution of plaintiff's action, inasmuch as the Texas act gives plaintiff a right of action against a third party tort-feasor who is under the Compensation Act. It must be presumed that when the contract of hire was entered into in San Antonio, Texas that the parties contemplated that the plaintiff, should he be injured, would have a right to the compensation provided, and in addition thereto would have the right to sue a joint tort-feasor. There is nothing in the public policy of this State which prevents plaintiff from maintaining his action.

Defendant urges that even though plaintiff's theory is correct, nevertheless, he does not have the right to maintain the action. Defendant quotes section 6 (a), article 8307, part 2, of Vernon's Annotated Texas Statutes to support his argument that plaintiff cannot maintain an action to recover damages against defendant and also file a claim and secure compensation under the Texas Workmen's Compensation Act, since this section says he may proceed either way but cannot do both; also because plaintiff elected to file his claim for compensation under the Texas compensation law, and, therefore, under section 6 (a) the cause of action against defendant was vested in the insurance carrier, or insurer, and was subrogated to the right of plaintiff to maintain such action. This action was brought by plaintiff and the insurance carrier, the Western Casualty & Surety Company. The same attorneys represented both plaintiffs. In its original answer defendant denied that the Western Casualty & Surety Company had any right as subrogee of Miller to claim or maintain any action against the defendant. On October 27, 1938, on plaintiff's motion, count 2 of the complaint was stricken. This motion was made by all of

the plaintiffs. Subsequently, the insurance carrier was dismissed from the case, and co-counsel Litow, who apparently represented the carrier, was given leave to withdraw. Hence, the action of striking the count filed in behalf of the insurance carrier and of dismissing the insurance carrier from the case, was done with the consent of the carrier, and no objection was made thereto by the defendant. In fact, in the answer to the original complaint the defendant denied that the carrier had any right as a subrogee. We have read the cases of *Harbour v. Graham Mfg. Co.* (Tex. Civ. App.), 47 S. W. (2d) 700; *Hanson v. Ponder* (Tex. Com. App.), 300 S. W. 35; *Wm. Cameron & Co. v. Gamble* (Tex. Civ. App.), 216 S. W. 459; *Haynes v. Bernhard* (Tex. Civ. App.), 268 S. W. 509, *Lancaster v. Hunter* (Tex. Civ. App.), 217 S. W. 765, and other cases and are convinced that under the facts and circumstances presented, the plaintiff has the right to maintain his action in this State. The only interest that the defendant has in this question is the possibility that the insurance carrier may sue it if provision is not made in the judgment recovered protecting the insurance carrier for the reimbursement of compensation paid. This danger to defendant does not exist because the carrier joined in instituting the suit and later on consented to being dismissed as a party plaintiff.

Finally, plaintiff argues that his relationship to defendant was that of passenger for hire and that the complaint was founded on a contractual relationship, and that because he was a passenger for hire he has a right to sue defendant irrespective of any compensation act. We do not agree with the reasoning of plaintiff. He was awarded compensation because he was under the Texas Workmen's Compensation Act. We have held that at the time he was injured he was in the course of his employment and that he was then

governed by the Texas Compensation Act, which permits him to sue a third party tort-feasor.

Because of the views expressed, the judgment of the circuit court of Cook county is reversed and the cause remanded with directions that the defendant's motion to strike the reply of plaintiff to the amended answer of defendant be denied, and for further proceedings consistent with this opinion.

*Reversed and remanded with directions.*

HEBEL, P. J., and DENIS E. SULLIVAN, J., concur.