Peter S. SARELAS, Plaintiff-Appellant,

v.

Thomas J. SHEEHAN, Defendant-Appellee.

No. 14234.

United States Court of Appeals Seventh Circuit.

Dec. 27, 1963.

Peter S. Sarelas, Chicago, Ill., for appellant.

Daniel P. Ward, State's Atty., Ronald Butler, Asst. State's Atty., Edward J. Hladis, Chief of Civil Division, Chicago, Ill., for appellee.

Before HASTINGS, Chief Judge, and SCHNACKENBERG and SWYGERT, Circuit Judges.

SWYGERT, Circuit Judge.

Peter S. Sarelas, plaintiff, brought this action under sections 1331 and 1343

of the Judicial Code, 28 U.S.C. §§ 1331, 1343, seeking damages against defendant, Thomas J. Sheehan. The complaint purports to allege various violations of the Civil Rights Act (plaintiff cites 42 U.S.C. §§ 1983, 1985(2) (3), 1986, 1988) and of the fourteenth amendment of the Constitution.

In essence, he alleges that defendant was appointed a deposition officer by the Circuit Court of Cook County, Illinois, to take plaintiff's discovery depositions on behalf of the defendants in an action pending in that court wherein the plaintiff was seeking damages in a civil suit. He further alleges that defendant omitted to do certain acts legally required of him under Illinois law in the taking of the depositions, and that he committed other acts contrary to his duties to the injury of plaintiff. Among the acts complained of are that defendant falsely certified that he was the referee who was appointed to take the depositions;[1] that defendant omitted to submit to plaintiff for his examination and signature the transcript of the discovery depositions in violation of the Illinois Supreme Court rules; and that he omitted to certify that various exhibits were identified, offered, and received during the deposition proceeding.

Many more acts of alleged violations of official duty are contained in the complaint. We think it unnecessary to list them all because of their similarity in character and because we are convinced that the district judge was correct in dismissing the action on the motion of defendant.

The district judge based his dismissal on the ground that defendant, a state-court master in chancery, was performing quasi-judicial functions when acting within the sphere of his duties as a deposition officer and was, therefore, immune from suit.

Although we could base our decision on the ground of judicial immunity, it is unnecessary to reach that question. Another reason even more fundamental than the doctrine of immunity prevents plaintiff from pursuing his action. A claim under the Civil Rights Act requires that a plaintiff show deprivation of his constitutional rights. In the instant action plaintiff alleges no deprivation of such rights.

Plaintiff has alleged in his complaint that irregularities may have occurred during the course of the state court litigation. There is no suggestion that the deposition proceeding was a sham or contrivance. If defendant's actions as the deposition officer were inconsistent with the laws of the State of Illinois, plaintiff's recourse was to complain to the court that appointed the defendant, and if necessary, pursue his complaint in the appellate courts of Illinois.

The events that gave rise to plaintiff's "rights" on which he bases his action, are not of constitutional stature, vindicable under the Civil Rights statutes. Constitutional due process and equal protection of the laws have a more fundamental meaning than plaintiff ascribes to them in this action. Mere errors and irregularities occurring in a judicial proceeding must be differentiated from a situation where the proceeding itself is a sham or nullity.

We adopt the reasoning in Bottone v. Lindsley, 170 F.2d 705 (10th Cir. 1948), cert. denied, 336 U.S. 944, 69 S.Ct. 810, 93 L.Ed. 1101 (1948), where the court said:

"[T]o make out a cause of action under the Civil Rights Statutes, the state court proceedings *must have been a complete nullity*, with a purpose to deprive a person of his property without due process of law.

1. The order of appointment by the state court reads in part as follows:
"It is ordered that this cause be referred to Thomas Sheehan one of the Masters in Chancery of this court,

"(a) to take testimony therein of the plaintiff under a discovery deposition on behalf of the defendants and return the same to the Court within a reasonable period hereafter."

To hold otherwise would open the door wide to every aggrieved litigant in a state court proceedings, and set the federal courts up as an arbiter of the correctness of every state decision. 'The Fourteenth Amendment did not alter the basic relations between the States and the national government.' * * * Nor does it 'assure uniformity of decisions or immunity from merely erroneous action.'" (Emphasis added.)

The Civil Rights Act was not intended to be a source of damage actions brought by disappointed litigants against judicial officers who may commit errors or irregularities while acting within the scope of their authority during the course of state court litigation.

The judgment of dismissal is affirmed.