**Peter S. SARELAS, Plaintiff-Appellant,**

v.

**Thomas J. SHEEHAN, Defendant-Appellee.**

No. 15046.

United States Court of Appeals
Seventh Circuit.

Oct. 27, 1965.

Peter S. Sarelas, Chicago, Ill., pro se.

Daniel P. Ward, Ronald Butler, Edward Hladis, Donald J. Veverka, Chicago, Ill., for appellee.

Before KNOCH, CASTLE and SWYGERT, Circuit Judges.

KNOCH, Circuit Judge.

Plaintiff-appellant, Peter S. Sarelas, has appealed to this Court from dismissal of his Complaint in the United States District Court. That Complaint purports to set out a cause of action under the Civil Rights statute, Title 42 U.S.C. § 1983.

The District Judge based his order of dimissal on two grounds:

First, that his examination of the Complaint and comparison of it with the Complaint in Cause No. 62 C 530, Sarelas v. Sheehan, dismissal of which was affirmed 7 Cir., 1963, 326 F.2d 490, showed that the events complained of were the same or similar, and that they fell within the operation of the doctrine of *res judicata*. Partmar Corp. v. Paramount Corp., 347 U.S. 89, 90–91, 74 S.Ct. 414, 98 L.Ed. 532 (1954) and cases there cited.

Second, the allegations of fraud by defendant in the trial of the first case represented an attempt to attack the judgment in that case collaterally.

The District Court cited the Restatement of the Law of Judgments (1942) § 118, comment b and § 126(2) (b), to the effect that equitable relief will be denied where the basis for relief is the claim that the judgment in another case was erroneous because of fraud or perjury, in order to prevent what would amount to a retrial of all such cases.

Plaintiff-appellant argues that this Court's opinion could not be dispositive of the present case because the offenses charged are not the same, and that this Court did not reach the merits in the prior case, but disposed of the matter on the jurisdictional issue only.

■■ We have carefuly re-read our opinion in Sarelas v. Sheehan, 326 F.2d 490, in the light of our study of the entire record in the instant cause. We conclude that the District Court properly applied the doctrine of *res judicata*. Although the opinion largely dealt with lack of jurisdiction, Judge Swygert, speaking for this Court, also stated, at page 491:

[W]e could base our decision on the ground of judicial immunity, * *.

**6**

Plaintiff argues that the defendant was not in fact acting as a Master in Chancery, but it is apparent to us from a close scrutiny of the Complaint that he was in fact acting as a quasi-judicial officer entitled to judicial immunity and we so hold.

The order of the District Court is affirmed.

Affirmed.