**Dominick SAFFIOTI, Plaintiff,**

v.

**Martin P. CATHERWOOD as Industrial Commissioner of the State of New York, Defendant.**

**No. 68 Civ. 687.**

United States District Court
S. D. New York.

April 9, 1969.

Dominick Saffioti, pro se.

Louis J. Lefkowitz, Atty. Gen. of State of New York, by Robert S. Hammer, Asst. Atty. Gen., for defendant.

MEMORANDUM

BONSAL, District Judge.

Plaintiff, Dominick Saffioti, instituted this action against Martin P. Catherwood, as Industrial Commissioner of the State of New York, seeking

$100,000 damages for alleged violations of his constitutional rights, 42 U.S.C. §§ 1983, 1985.

Defendant Catherwood now moves, pursuant to Rule 56, F.R.Civ.P., for summary judgment in his favor; plaintiff also moves for summary judgment in his favor.

Back in 1962, plaintiff was receiving unemployment insurance benefits in the State of New York. The Department of Labor, Division of Employment Security (the Department) ascertained that while plaintiff was receiving these benefits, he was running advertisements in Newburgh, New York Newspapers soliciting offers on various parcels of real estate; the Department investigated further and discovered that plaintiff held a real estate salesman's license and was working for Joseph Parisi, a licensed real estate broker.

An administrative hearing was held on May 14 and June 20, 1963, at which plaintiff appeared with counsel; the Referee found that plaintiff had made false statements in connection with his application for unemployment insurance benefits, and that plaintiff was not totally unemployed, as required by statute, Labor Law, McKinney's Consol. Laws, c. 31, § 522. Plaintiff's unemployment insurance benefits were reduced, and plaintiff was required to pay back $1,025 as an overpayment.

On September 16, 1963, the Unemployment Insurance Appeals Board affirmed the decision of the Referee. Plaintiff applied to re-open the proceedings on two occasions and hearings were held on November 26, 1963, at which plaintiff voluntarily appeared without counsel, and on August 17, 1963, at which plaintiff appeared with counsel. On both occasions, the Referee's decision was adhered to.

Plaintiff appealed to the Appellate Division, Third Department, which unanimously affirmed the decision of the Appeals Board, 28 A.D.2d 1013, 283 N.Y.S.2d 738 (3d Dept. 1967). Leave to appeal to the Court of Appeals was denied, 21 N.Y.2d 641, 287 N.Y.S.2d 1025, 234 N.E.2d 715 (1967), and again denied on reconsideration, 21 N.Y.2d 643, 288 N.Y.S.2d 1026, 235 N.E.2d 926 (1968).

A review of the record of the various proceedings supports the finding that plaintiff, during the period he was receiving unemployment insurance benefits, was a licensed real estate salesman working for Mr. Parisi, and that he placed several ads in the local papers soliciting purchasers for parcels of real estate. The record further discloses that plaintiff is a carpenter by trade, who appears to have been befriended by Mr. Parisi and that his total income from his real estate activities during the period involved was $50, which he received as a commission on December 20, 1962.

As defendant concedes, "this is an unfortunate case, in that plaintiff was found to be disqualified from receiving unemployment compensation on the basis of having been engaged in unsuccessful, unremunerative attempts to sell real estate. Understandably, it must seem to a layman, a rather technical and unnecessarily harsh ruling." On the other hand, there was evidence to support the findings made by the Referee, and plaintiff sought and was provided review at the administrative level and in the New York courts, see Labor Law, §§ 621, 622, 624.

■ The Referee's findings having been affirmed at all stages, plaintiff is not entitled to further review in the Federal court.

■ In his papers, and at argument, plaintiff contended that he had been found guilty of fraud and misrepresentation, without due process of law and in violation of his constitutional rights. However, the record does not show that the Referee found plaintiff guilty of any crime, but only that he found that the plaintiff represented that he was totally unemployed when, in fact, he had this unremunerative connection with the real estate business. Therefore, plaintiff is

not in the position of a defendant in a State criminal proceeding who contends that his Federal constitutional rights were violated.

The record indicates that plaintiff received due process in the State proceedings, in accordance with State law, see Labor Law, §§ 620–626. At most, he has been the victim of perhaps an overzealous interpretation of the New York Labor Law relating to unemployment insurance benefits, but he has alleged no violation of his Federal constitutional rights. See Sarelas v. Sheehan, 326 F.2d 490 (7th Cir. 1963).

Finally, there is no jurisdictional basis for this court to entertain an action between a citizen of New York and the Industrial Commissioner of New York since there is no diversity of citizenship between the parties.

Since this court is without jurisdiction to entertain plaintiff's action, defendant's motion for summary judgment is granted and plaintiff's motion for summary judgment is denied.

Settle order on notice.