**Leva ADKINS, Plaintiff-Appellant,**

v.

**The Honorable Robert C. UNDERWOOD et al., Defendants-Appellees.**

**No. 74–1250.**

United States Court of Appeals, Seventh Circuit.

Argued Nov. 21, 1974.

Decided July 17, 1975.

Certiorari Denied Dec. 8, 1975. See 96 S.Ct. 452.

---

Harry M. Philo, Detroit, Mich., Frank G. Schubert, Rock Island, Ill., for plaintiff-appellant.

Philip B. Kurland, Fred F. Herzog, First Asst. Atty. Gen., Chicago, Ill., for defendants-appellees.

Before FAIRCHILD, Chief Judge, PELL, Circuit Judge, and WYZANSKI, Senior District Judge *.

PER CURIAM.

Plaintiff brought this civil rights action under 42 U.S.C. § 1983 against the seven justices of the Supreme Court of Illinois and two judges of the Circuit Court of the County of Rock Island, Illinois. Federal jurisdiction is asserted under 28 U.S.C. §§ 1331 and 1343. Plaintiff's complaint seeks no damages, but asks declaratory and injunctive relief to reinstate a favorable verdict plaintiff had won in the Illinois Circuit Court, but which had been set aside on appeal. On defendant's motion, the district court dismissed the complaint for lack of jurisdiction and failure to state a claim. For the reasons set forth below, we affirm.

Plaintiff, a resident of Michigan, filed a civil action in a federal district court in Iowa on October 18, 1966 against the Chicago, Rock Island & Pacific Railroad Company for damages arising out of her husband's death in an accident that occurred in Iowa. On November 6, 1967 this case was dismissed without prejudice pursuant to a stipulation agreed to by the parties. On January 16, 1968 plaintiff brought a similar action against the railroad in the Circuit Court of Rock Island County, Illinois.

* Senior District Judge Charles E. Wyzanski, Jr. of the District of Massachusetts is sitting by designation.

In March 1968 the railroad moved to dismiss on the ground of *forum non conveniens*. Prior to a ruling on the motion, plaintiff amended her complaint naming three railroad employees, who were residents of Illinois, defendants. The trial judge denied the *forum non conveniens* motion on August 12, 1968. The case proceeded to trial, and the jury returned a verdict for plaintiff in the amount of $449,757. Both the railroad and the individual defendants raised the *forum non conveniens* issue in their post-trial motions.

On appeal, the Illinois Appellate Court ordered remittitur of $199,757, but in all other respects, including the denial of the *forum non conveniens* motion, affirmed plaintiff's judgment.[1]

After granting leave to appeal, the Supreme Court of Illinois reversed, holding that the *forum non conveniens* motion should have been granted, and remanded the case with directions to dismiss the action.[2]

The Court reviewed matters of record with respect to the Iowa and the Illinois actions and concluded "All of the factors normally considered thus point to the conclusion that Rock Island County is not an appropriate forum for the trial of this case." The Court considered the joinder of the two individual defendants, the third having been dismissed. The Court pointed out that they were added four months after the Illinois action was commenced, that "It seems apparent that the individual defendants were joined in order to make the Illinois action look different from the Iowa action,

and thereby provide some sort of basis upon which the denial of a motion to dismiss could be predicated," and that it was not clear as a matter of substantive law that persons occupying their positions are liable in tort for injuries such as caused the death of plaintiff's decedent. The Court concluded, "We are not convinced that the individual defendants were joined with probable cause and in good faith for the purpose of obtaining a judgment against them." Stating and applying a state rule, the Court decided to dismiss.

Plaintiff then filed a petition for rehearing contending that plaintiff had no hearing on the *forum non conveniens* issue nor on the issue of her good faith, and that the Supreme Court's decision violated the due process clause of the Fourteenth Amendment and the privileges and immunities clause of Art. IV, § 2 of the United States Constitution. The Supreme Court of Illinois denied this petition without oral argument. Plaintiff did not seek certiorari in the Supreme Court of the United States but chose to file the instant action in federal district court renewing her constitutional claims.

At the outset we note that if plaintiffs are permitted to bring suits of this ilk under the guise of the civil rights statutes, the relationship between state and federal courts will be radically altered. Plaintiff is asking an inferior federal court to order the Supreme Court of Illinois to vacate its judgment and reinstate a favorable trial court verdict and judgment.[3] Granting such relief would inter-

---

1. *Adkins v. Chicago, Rock Island & Pacific R. R. Co.,* 2 Ill.App.3d 906, 274 N.E.2d 507 (1971).

2. *Adkins v. Chicago, Rock Island & Pacific R. R. Co.,* 54 Ill.2d 511, 301 N.E.2d 729 (1973).

3. Plaintiff's prayer for relief requests:
   WHEREFORE, plaintiff prays that:
   1. This Court issue a Temporary Restraining Order and Preliminary Injunction directing that defendants McNeal and Smith not grant the motion to dismiss in the State of Illinois Civil Action titled LEVA ADKINS, as Adminis-

tratrix of the Estate of Everett Adkins, deceased vs. CHICAGO, ROCK ISLAND & PACIFIC RR CO, et al, and reinstate the judgment of the Appellate Court of the State of Illinois in that action.

   2. Upon final hearing of this cause, a Declaratory Judgment and Permanent Injunction be entered by this Court:
      a. declaring that the action of the defendant Illinois Supreme Court judges in ordering dismissal of the above case was unconstitutional as violating plaintiff's rights under Article IV, Section 2 and Amendment

fere with discretion at the heart of the state court decision-making process, jeopardizing the repose of state court judgments as well as offending firmly-held notions of comity. For these reasons alone equitable relief may well be inappropriate. *See generally O'Shea v. Littleton,* 414 U.S. 488, 499–501, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974).

Orchestrating this theme, defense counsel has argued that federal courts lack jurisdiction to hear plaintiff's claim,[4] that the doctrine of judicial immunity bars suit,[5] and that the doctrine of *res judicata* precludes our review of the Illinois court's decision.[6] Whatever the limits on the power of federal courts to compel state court judges to modify or rescind their decisions, we need not address these thorny issues for we agree that plaintiff's complaint fails to state a claim upon which relief can be granted.

Plaintiff predicates her 1983 claim upon two alleged constitutional violations. First, she argues that she has been denied due process. Specifically, she contends that a hearing must be held on the questions of the convenience of alternative *forums* and her good faith in joining the Illinois residents as defendants. Apparently there was no evidentiary hearing devoted to these matters. Yet the *forum non conveniens* issue was argued at each stage of the litigation, the Supreme Court decided the issue on the facts of record before it, and plaintiff makes no claim that she was deprived of a full opportunity to put into that record any other facts in the circuit court relevant to this issue. If it be true that with respect to the question of plaintiff's good faith in joining the individual defendants, the Illinois court concluded that in the light of the facts of record plaintiff had, and failed to discharge the burden of proving good faith, there is nothing in the complaint to show that this conclusion was invidiously motivated, nor that reaching it was otherwise outside the legitimate scope of the judicial decision-making process.

Moreover, plaintiff made use of her opportunity to file a petition for rehearing and argued her present constitutional claim in that petition. She had a full hearing on her case at trial and on appeal, and her present objection can only be that the Illinois court erred in its evaluation of the facts before it.

Even if it can be said that the Supreme Court of Illinois erred in judgment, "mere errors or irregularities * * * are not sufficient to show a purposeful conspiracy to deny * * * due process." *Skolnick v. Spolar,* 317 F.2d 857, 859 (7th Cir. 1963), *cert. denied,* 375 U.S. 904, 84 S.Ct. 195, 11 L.Ed.2d 145; *Brown v. Dunne,* 409 F.2d 341, 343 (7th Cir. 1969), and there are no allegations that the Supreme Court of Illinois proceedings were a sham or that the justices invidiously used their office to deprive plaintiff of her rights. *Delia v. Court of Common Pleas of Cuyahoga*

XIV, Section 1 of the United States Constitution;

    b. permanently enjoining defendants from ordering the case dismissed or dismissing the case and directing them to reinstate the judgment below.

    3. Plaintiff be granted such other relief as to this Court shall appear appropriate and necessary.

4. *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *Paul v. Dade County, Florida,* 419 F.2d 10, 12–13 (5th Cir. 1969), *cert. denied,* 397 U.S. 1065, 90 S.Ct. 1504, 25 L.Ed.2d 686 (1970). *But see Brown v. Chastain,* 416 F.2d 1012, 1017–23 (5th Cir. 1969) (Rives, J., *dissenting*).

5. *Compare, Cheramie v. Tucker,* 493 F.2d 586, 588–89 (5th Cir. 1974), *cert. denied,* 419 U.S. 868, 95 S.Ct. 126, 42 L.Ed.2d 107 (1974), *with Littleton v. Berbling,* 468 F.2d 389, 406–08 (7th Cir. 1972), *rev'd on other grounds sub nom., O'Shea v. Littleton,* 414 U.S. 488, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974).

6. *See e. g., Francisco Enterprises, Inc. v. Kirby,* 482 F.2d 481, 485 (9th Cir. 1973), *cert. denied,* 415 U.S. 916, 94 S.Ct. 1413, 39 L.Ed.2d 471 (1974); *Lackawanna Police Benevolent Association v. Balen,* 446 F.2d 52, 53 (2d Cir. 1971) (*per curiam*); *Goss v. State of Illinois,* 312 F.2d 257, 259 (7th Cir. 1963). *But see Preiser v. Rodriquez,* 411 U.S. 475, 509, n. 14, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (Brennan, J., *dissenting*); *Florida State Board of Dentistry v. Mack,* 401 U.S. 960, 961, 91 S.Ct. 971, 28 L.Ed.2d 245 (1971) (White, J., *dissenting from denial of cert.*).

*County,* 418 F.2d 205, 206 (6th Cir. 1969), *cert. denied,* 396 U.S. 886, 90 S.Ct. 174, 24 L.Ed.2d 161; *Sarelas v. Sheehan,* 326 F.2d 490, 491–92 (7th Cir. 1963), *cert. denied,* 377 U.S. 932, 84 S.Ct. 1334, 12 L.Ed.2d 296 (1964). Absent such averments, the complaint does not present a deprivation of federally protected rights.[7]

The second constitutional peg on which plaintiff purports to hang her 1983 claim is the privileges and immunities clause of Art. IV, § 2. She asserts that the decision of the Supreme Court of Illinois denied her access to the Illinois courts on the same footing as Illinois citizens.

 We agree that the privileges and immunities clause forbids certain discriminations on the basis of state citizenship. *Blake v. McClung,* 172 U.S. 239, 19 S.Ct. 165, 43 L.Ed. 432 (1898). But, here, plaintiff's cause was dismissed not because she was a citizen of another state, but because, in the Illinois court's view, the circumstances made an Illinois *forum* inappropriate and plaintiff's joinder of the Illinois defendants was a mere subterfuge to legitimate her choice of *forum.* Other cases demonstrate, indeed, that the Illinois court follows a well-established policy of allowing nonresident access to Illinois courts and of evenhanded application of the *forum non conveniens* doctrine.[8] Under these circumstances, we cannot say that the state's implementation of its procedural policy presents a federal constitutional question. *Missouri v. Mayfield,* 340 U.S. 1, 3, 71 S.Ct. 1, 95 L.Ed. 3 (1950).

The plaintiff's complaint on its face fails to make an adequate claim of deprivation of constitutional rights.

Accordingly, the judgment appealed from is affirmed.

---

7. We think that in any event, where seemingly regular state judicial proceedings are under attack, mere conclusory statements should be held insufficient.

8. The state reports contain numerous statements declaring free access to Illinois courts for nonresidents. *See, e. g., Wintersteen v. Nat. Cooperage Co.,* 361 Ill. 95, 101–02, 197 N.E. 578, 582 (1935):

> Neither does the fact that the plaintiff is a non-resident deprive him of his remedy in the courts of this State. There is no statute in this State denying redress of grievances by reason of non-residence. The policy of our State has always been to permit persons, regardless of residence, to bring suits in our courts. Citizenship has never been a condition precedent to sue in our courts.

*Accord, James v. Grand Trunk West. R. R. Co.,* 14 Ill.2d 356, 362, 152 N.E.2d 858, 862 (1958), *cert. denied,* 358 U.S. 915, 79 S.Ct. 288, 3 L.Ed.2d 239; *People v. Graber,* 397 Ill. 522, 524–25, 74 N.E.2d 865, 866 (1947); *Miller v. Yellow Cab Co.,* 308 Ill.App. 217, 232–33, 31 N.E.2d 406, 409 (1941).

Consistent with this policy, Illinois courts have not used the *forum non conveniens* doctrine to restrict nonresident access to Illinois courts. *Cotton v. Louisville & Nashville R. R. Co.,* 14 Ill.2d 144, 152 N.E.2d 385 (1958); *Bargarozy v. Meneghini,* 8 Ill.App.2d 285, 131 N.E.2d 792 (1956) (nonresident plaintiffs prevailed on motion to dismiss). *See also Whitney v. Madden,* 400 Ill. 185, 188–90, 79 N.E.2d 593, 594–95 (1948), *cert. denied,* 335 U.S. 828, 69 S.Ct. 55, 93 L.Ed. 382.