NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 2, 2012
Decided May 4, 2012

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 11-2428

| | |
|---|---|
| SHERRON L. LEWIS, JR., <br> *Plaintiff-Appellant*, <br><br> v. <br><br> JOHN W. SUTHERS, Attorney General <br> of the State of Colorado, et al., <br> *Defendants-Appellees*. | Appeal from the United States District <br> Court for the Northern District of Illinois, <br> Eastern Division. <br><br> No. 10 C 6522 <br><br> Amy J. St. Eve, <br> *Judge*. |

**O R D E R**

Sherron Lewis appeals from the dismissal of his second lawsuit against the Attorney General of Colorado and two lawyers in the Attorney General's consumer-protection unit. Because we agree with the district court that dismissal of the first lawsuit on immunity grounds has preclusive effect in this one, we affirm the court's judgment.

Lewis's claims in this lawsuit and the previous one (*Lewis v. Suthers*, No. 10 C 6101, 2010 WL 3842701 (N.D. Ill. Sept. 28, 2010)) stem from a civil action brought against him under the Colorado Consumer Protection Act for misleading consumers and giving legal advice on avoiding mortgage foreclosure without a license to practice law. *See Colorado v. Lewis*, No. 2010cv3537 (Jefferson Cnty. Dist. Court Jan. 13, 2011). The state judgment imposed a fine and permanently enjoined Lewis from participating in the mortgage-relief business. *See id.*

In his first federal lawsuit against these same defendants, Lewis claimed that, among other wrongs, they deprived him of property without due process, interfered with his right to contract, and silenced him in violation of the First Amendment. He alleged that he was providing a legitimate service to struggling homeowners until the defendant-prosecutors targeted him because he is black and they are racist. In dismissing that suit at the screening stage, *see Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003), the district court explained that Lewis's official-capacity claims were barred by sovereign immunity and that the claims against the defendants individually were barred by absolute prosecutorial immunity.

Lewis could have appealed the dismissal of his first suit, but instead he filed another complaint—the one at issue here—based on the same facts and including most of the same claims. The district court concluded that its dismissal of Lewis's earlier suit precludes his current claims because the two suits involve the same parties and the same factual allegations.

On appeal, Lewis argues that his claims are not precluded by the dismissal of the earlier suit. Claim preclusion, which operates to conserve judicial resources and promote finality, applies when a case involves the same parties and the same set of operative facts as an earlier one that was decided on the merits. *Matrix IV, Inc. v. Am. Nat'l First Bank & Trust Co. of Chi.*, 649 F.3d 539, 547 (7th Cir. 2011). Even claims based on new legal theories are precluded if those claims could have been included in the earlier litigation. *Id.*; *Alvear-Velez v. Mukasey*, 540 F.3d 672, 677 (7th Cir. 2008). Lewis contends that the dismissal of his first lawsuit at screening deprived him of his "day in court" and thus cannot have been on the merits. But district courts "have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense." *Hoskins*, 320 F.3d at 763. And the fact that a case was dismissed at screening need not prevent it from having preclusive effect in a subsequent case. *See Gleash v. Yuswak*, 308 F.3d 758, 759–60 (7th Cir. 2002). Although dismissal based on sovereign immunity is often understood as a dismissal for want of subject-matter jurisdiction, it nonetheless precludes relitigation of the sovereign-immunity question in federal court. *Okoro v. Bohman*, 164 F.3d 1059, 1063 (7th Cir. 1999); *Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177, 1182 n.4 (7th Cir. 1989). And dismissal based on prosecutorial or judicial immunity, which is a decision on the merits, *see* FED. R. CIV. P. 41(b); *Mendenhall v. Goldsmith*, 59 F.3d 685, 687, 689 (7th Cir. 1995), also has preclusive effect, *see Sarelas v. Sheehan*, 353 F.2d 5, 5–6 (7th Cir. 1965). The district court properly applied preclusion in this case.

We do not reach Lewis's arguments that his first federal suit should not have been dismissed on immunity grounds. The time for him to present those arguments was on appeal from the dismissal of that suit.

**AFFIRMED**.