(No. 12049.—Rule made absolute.)

THE PEOPLE *ex rel.* The Chicago Bar Association, Relator, *vs.* JOHN L. METZEN, Respondent.

*Opinion filed December 17, 1919—Rehearing denied Feb. 4, 1920.*

1. DISBARMENT—*any offensive conduct toward judges cannot be permitted.* While judges are not exempt from just criticism an attorney should submit his grievances to the proper authorities, and unjust criticism, insulting language and offensive conduct toward the judges personally, which tend to bring the courts and the law into disrepute and to destroy public confidence in their integrity, cannot be permitted.

2. SAME—*when an attorney will be disbarred for attempting to bring court into disrepute.* An attorney who begins an unauthorized and unfounded suit for damages against a judge and publishes a sensational story thereof in a newspaper intending to bring the court into disrepute with the public, and who also writes a scurrilous letter to the judge to intimidate and influence him in the discharge of his judicial duties, will be disbarred.

INFORMATION to disbar.

JOHN L. FOGLE, (CLAIR E. MORE, of counsel,) for relator.

JOHN L. METZEN, *pro se.*

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On February 8, 1918, by leave of court an information in the name of the People of the State of Illinois, on the relation of the Chicago Bar Association, was filed charging professional misconduct by the respondent, John L. Metzen,

an attorney of this court, and calling upon him to show cause why his name should not be stricken from the roll of attorneys. His answer was filed on March 15, 1918, and the cause was referred to Ninian H. Welch, a master in chancery of the circuit court of Cook county, as commissioner, with directions to take the evidence and report his findings of fact therefrom. The evidence was taken and the commissioner made a report, which was filed on May 14, 1919, in which the commissioner found in detail the facts to be as alleged in the information, with his conclusion that the conduct of the respondent was unprofessional and such as would serve to bring the courts of justice into dis-repute and contempt and was contrary to the duty of re- spondent as attorney at law.

Briefly stated the facts are as follows: Upon a hearing before Charles M. Thomson, one of the judges of the circuit court of Cook county, upon a bill filed by the respondent as solicitor for Nellie L. Petersen, a decree of divorce was entered on the ground of adultery of her husband, Peter W. Petersen. The defendant, Peter W. Petersen, had been defaulted and petitioned the court for leave to file a bill of review on the ground of fraud in procuring the divorce, contrary to an agreement made with the complainant and signed by the respondent. Leave was given to file the bill of review, and upon a hearing the decree of divorce was set aside and Peter W. Petersen was permitted to file an answer and cross-bill. Nellie L. Petersen was ruled to answer the cross-bill and neither she nor respond-ent appeared, and upon a hearing a divorce was granted to the cross-complainant on the ground of her adultery. Robert E. L. Montgomery was the solicitor for Peter W. Petersen. After these proceedings, the respondent on July 24, 1917, wrote a letter to Nellie L. Petersen under the name Nellie L. Dellenbaugh, containing the following: "Regarding what has been done by Thomson, I wish to say that I consider a suit for damages, charge conspiracy, against

Thomson, Petersen and Montgomery to be highly advisable at this time. The court costs, which is all that need be advanced, will amount to about $18, and the result will be worth many times that amount in many ways to you. I expect to be at the office about Friday, and we ought to get busy, if you are satisfied at that time, so as to get the big write-up in Sunday's papers. I will furnish the story for the papers, and let me tell you it will be some story, as I will show Thomson up in a pretty bad way, with the goods on him, too, and that is what we surely ought to want to begin with." On August 4, 1917, respondent filed in the superior court of Cook county a *præcipe,* signed by him as attorney for Nellie L. Petersen in a suit against Charles M. Thomson, Peter W. Petersen and Robert E. L. Montgomery, claiming damages of $30,000, and in accordance with his promise in the letter to his client to furnish a story for the big write-up, he gave his story by telephone to a newspaper reporter. On August 5, 1917, there appeared in the *Chicago Sunday Herald* the promised story concerning the suit, headed, "Woman sues judge, lawyer and her former husband." No declaration was ever filed in the suit and it was dismissed by Nellie L. Petersen, who denied that she ever authorized it or had any knowledge of or connection with it. On August 31, 1917, the respondent wrote and mailed a letter of great length to Judge Charles M. Thomson, beginning, "Unless the record *In re* Petersen *vs.* Petersen is cleared up so that my name is protected from the libel, lies and perjury committed in the cases involved, I shall be compelled to resort to such drastic action as the law allows and the case warrants." Further on in the letter he said, "However, let me assure you I do not intend to allow such dastardly work to go unchallenged," and said that he was usually engaged in dealing with men and not irresponsible political manikins or appearances of men.

The answer of the respondent, consisting of 88 pages, is a confused mixture of criticisms of the Chicago Bar As-

sociation, copies of correspondence with its officials, troubles of the respondent with another attorney, alleged proceedings in another suit and other unrelated matters, but as to the charges of the information he admits the bringing of the suit and the writing of the letters, but denies that the letter to Judge Thomson was either scurrilous or defamatory or without justification. He alleges that he was without redress against the judge other than a suit for damages, and that his conduct was justifiable as an attorney or an individual with a reputation to sustain, "that was allowed to be libelously, criminally and perjuriously attacked by said Thomson, judge."

There was not the slightest irregularity or illegality in the action of Judge Thomson in permitting the bill of review to be filed, setting aside the decree of divorce, permitting an answer and cross-bill to be filed or granting the divorce to Peter W. Petersen. Judges are not exempt from just criticism, and whenever there is proper ground for serious complaint against a judge it is the right and duty of a lawyer to submit his grievances to the proper authorities, but the public interest and the administration of the law demand that the courts should have the confidence and respect of the people. Unjust criticism, insulting language and offensive conduct toward the judges, personally, by attorneys, who are officers of the court, which tend to bring the courts and the law into disrepute and to destroy public confidence in their integrity, cannot be permitted. The letter written to the judge was plainly an attempt to intimidate and influence him in the discharge of judicial functions, and the bringing of the unauthorized suit, together with the write-up in the Sunday papers, was intended and calculated to bring the court into disrepute with the public.

The rule is made absolute and the name of the respondent will be stricken from the roll of attorneys.

*Rule made absolute.*