**Peter S. SARELAS, Plaintiff-Appellant,**

v.

**Stephanos G. ROCANAS, Defendant-Appellee.**

**No. 13766.**

United States Court of Appeals
Seventh Circuit.

Dec. 21, 1962.

Rehearing Denied Jan. 18, 1963.

Peter S. Sarelas, Chicago, Ill., for appellant.

John C. Gekas, Chicago, Ill., for appellee.

Before DUFFY, CASTLE and SWYGERT, Circuit Judges.

SWYGERT, Circuit Judge.

This is an action for damages against the Consul General of Greece in Chicago. It stems from a letter addressed by the consul "To The Judges of the Superior Court of Cook County, Chicago, Illinois," which stated that one Constantinos Dimitrios Chapralis, born in Greece, was, according to a certificate issued by the Greek Military School registered in that school and that he graduated with the rank of 2nd Cavalry Lieutenant. Attached to the letter was the certificate of the Greek Military School, written in Greek, which contained the same information. The letter and the attached document had been used by Chapralis as evidence in a prior suit brought by plaintiff in the Circuit Court of Cook County in which Chapralis was one of nineteen defendants. That suit arose out of an assault and battery on the plaintiff alleged to have been committed by the defendants including Chapralis.[1]

In the instant action plaintiff alleges that the consul acted "intentionally, wantonly, maliciously, fraudulently and corruptly for the purpose of impeding, hindering, obstructing or defeating the due course of public justice and with intent to injure, oppress and intimidate the plaintiff from enforcing his right to (his) legal remedies * * *." The defendant filed a motion to dismiss or for summary judgment. The District Court dismissed the action after considering the pleadings, affidavits filed by both parties, and two letters, one from the Secretary of State of the United States to the District Court and the other from the Ambassador of Greece to the Secretary of State.

It is indisputably clear from the record in this case that the defendant was acting within the scope of his authority and duties as consul when he furnished the letter in question with its attachment to one of the parties in the state court action. The letter was used as an evidentiary exhibit in the trial of a law suit. The trial judge, before dismissing the instant case, had before him not only the affidavits which demonstrate the purpose for which the document in question was used, but also a communication from the Secretary of State which pointed out to the court that:

"Among the traditional rights of consular officers, even in the absence of applicable treaty provisions, is the right to communicate with local authorities to protect the interests of their countrymen and, if permissible under local law, to appear in court on their behalf. In accordance with law of the sending state, consular officers may also issue certificates attesting to the personal status of nationals of that country, and may authenticate documents for

---

1. It would appear from the oral argument that the alleged assault and battery, the subject of the civil suit mentioned, arose from the forceful ouster of the plaintiff in this suit as president of a local Greek professional society. He was ousted ostensibly for his part in expelling Chapralis from the society apparently for not meeting the membership qualifications.

use as evidence in the courts of the receiving state."

The law is settled that consular officials of foreign states are immune from civil suit when the suit is based upon acts falling within the scope of their authority and which involve the performance of their official duties. The cases dealing with diplomatic immunity are not in point.

The District Court was correct in dismissing the action.

The judgment is affirmed.