**Peter S. Sarelas, Plaintiff-Appellant, v. John C. Gekas, et al., Defendants-Appellees.**

**Gen. No. 49,085.**

First District, Third Division.

May 29, 1963.

Peter S. Sarelas, pro se, of Chicago, appellant.

Economos & Alexander, of Chicago, for appellee.

MR. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court.

The original action in this case was for conspiracy, defamation and assault and battery—the outgrowth of a meeting held by the Hellenic Professional Society of Illinois on October 31, 1958—in which the plaintiff Peter S. Sarelas, a lawyer, asked damages of $100,000 from the nineteen defendants, eight of whom are lawyers. The trial court dismissed the complaint as to conspiracy and defamation, sustained it as to the allegation of assault and battery, and entered summary judgment for the defendants on the latter issue. The plaintiff appealed to the Supreme Court where the appeal was dismissed. He then sought a writ of cer-

tiorari in the Supreme Court of the United States which was denied.

Thereafter, the defendants filed a motion which has resulted in the present appeal. They moved to tax certain costs against the plaintiff, principally those incurred because of extended depositions allegedly occasioned by the harassing tactics of the plaintiff. After the submission of briefs, hearings and arguments the trial court assessed the costs at $1,300.70. The plaintiff again appealed to the Supreme Court but the cause was transferred here.

The bitterness engendered by the meeting of October 31st has not been allayed by this lawsuit; it is evident throughout the record and it is especially obvious in the many motions, and the suggestions in support of the motions, which have been made in this court. In some of these documents the plaintiff attempts to readjudicate the issues found adverse to him in the original action; in some he injects excerpts from extraneous litigation participated in by him as a party or by the defendants as attorneys, and all of them are interlaced with abuse of the lawyer-defendants who are repetitiously charged with deception, fraud and perjury. There is no excuse for such documents and there is no reason for this court to wade through a mire of irrelevant matters and scurrilous attacks in order to extricate the substance of the plaintiff's contentions. If further motions of the same type are filed in this case they will be stricken.

This opinion is concerned with one of the plaintiff's motions, a motion for leave to file a petition for a writ of mandamus against the trial judge for his refusal to sign a report of proceedings. It is not necessary for us to grant leave to file the petition in order to learn the judge's answer to the plaintiff's charges. The answer is already before us in the form of a

signed statement which is part of the record and which explains his refusal to certify the particular report of proceedings presented to him by the plaintiff. The statement is as follows:

"Forasmuch as certain matters do not otherwise appear of record, the undersigned, Judge of the Circuit Court, wishes to set forth what comprises a true and complete transcript of proceedings in this matter.

"This case was referred to me in June of 1962 for a hearing on a motion to tax costs, which was filed by the defendants. The motion for taxing costs was first filed before the Honorable John J. Lupe, and subsequently transferred because of a petition to change venue filed by PETER S. SARELAS.

"The undersigned, as Judge herein, ordered that briefs be filed during the months of July and August of 1962, and the first hearings and argument on the motion to tax costs and related motions thereto was heard on September 7, 1962 before a court reporter. At all subsequent hearings on the motion for the taxing of costs there was a court reporter present. I adjourned and continued the hearing, after lengthy argument, until September 14, 1962, at which time further argument was had; the hearing was then adjourned and continuel until September 17, 1962; the hearing was further adjourned and continued until September 18, 1962; further argument and hearing was had on that date and the hearing was continued until September 19, 1962; further argument and hearing was had on September 19, 1962 and was adjourned and continued until October 5, 1962; further argument and hearing was continued until December 10, 1962, at which time

final hearing and argument was had in this matter.

"The alleged Report of Proceedings submitted by plaintiff-appellant, PETER S. SARELAS, is not a true and complete transcript of all the evidence taken and offered at the hearings and argument on the motion for taxing of costs in this matter, nor is it a true and complete transcript of all the rulings of the court with respect to such evidence, although it appears to be a correct stenographic report of the proceedings held only on the dates of September 14, 1962, September 17, 1962 and September 18, 1962.

"February 21st, 1963

<u>JOHN E. PAVLIK (SEAL) /s/</u>

Honorable John E. Pavlik,
Judge of the Circuit Court

"To the signing of the foregoing certificate Peter S. Sarelas objects."

The plaintiff's motion prays that the judge be commanded to delete from the statement the words, "it is not a true and complete transcript of all the evidence taken and offered" and "nor is it a true and complete transcript of all the rulings of the court with respect to such evidence" or, in the alternative, that the judge be ordered to specify what evidence, rulings and proceedings were omitted, and to settle a report of proceedings.

From our examination of the full record we cannot conclude that the report of proceedings submitted by the plaintiff contained all the evidence and all the rulings of the court in respect thereto. The plaintiff says the report did; the judge says it did not. There is no basis for us to order the judge to expunge the quoted parts of his statement. To do this would be

the same as ordering him to approve a report of proceedings he says is neither accurate nor complete.

In reference to the alternative request of the plaintiff that the judge be ordered to specify what evidence, rulings and proceedings were omitted, it seems to us that Judge Pavlik clearly pointed out what was missing from the report. He did not merely detail items which were omitted—he said that entire hearings were left out. The judge stated that hearings were held on September 7th, 14th, 18th and 19th, October 5th and December 10th; the report contained only the proceedings of September 14th, 17th and 18th; omitted were the hearings of September 7th, September 19th, October 5th and December 10th. No better specification could have been made of what was lacking. The plaintiff could have met the objections of the court by supplying the stenographic report of the hearings for the days designated as missing. He chose not to do so. He preferred to object to the court's statement and to proceed by mandamus rather than supply the deficiency.

Where there are errors in a report of proceedings the trial judge should point these out and give the appellant an opportunity to correct them. If there are disputes between the parties as to what actually took place the court should settle these disputes and having done so, certify the correct version to the reviewing court. If a court reporter was present at the proceedings and if the appellant has no transcript, the trial judge should order that one be made available to him. If a trial judge refuses to sign any report of proceedings or refuses to settle items in dispute or, under proper conditions, refuses to order a transcript, mandamus will properly issue. But none of these circumstances prevailed in this case.

The plaintiff was asking the judge to certify that the report presented was a *true* and *complete* transcript of all the evidence and the rulings of the court,

with respect to such evidence, and a *correct* report of proceedings at the hearings of the case. When the judge stated that he could not sign the certification and made it clear why he could not, the plaintiff should have furnished a report that was true, complete and correct or should have made every reasonable effort to do so. At this juncture it was not for him to say that certain hearings were superfluous and it was not for him to unilaterally decide what was to be included and what was to be left out.

The observations of this court in Feldman v. Munizzo, 16 Ill App2d 58, 147 NE2d 427, are particularly apt:

> "There must be some limitation on the demand which may be made of a trial judge for the certification of a report of proceedings. The proper rule to be deduced from the cases is that a judge may not say that because of a lack of memoranda or pressure of business he will refuse to sign a report of proceedings, nor may he refuse to sign a report of proceedings because some items of evidence are in dispute. In the latter case proof may be submitted as to what actually occurred. But it must appear in the first instance that the report of proceedings presented by a party purports to be and represents a bona fide effort to render a genuine and literal account of what occurred before the court on the trial of the case."

██ In the instant case the judge did not refuse to sign *any* report, he merely declined to sign an incomplete report which in his opinion omitted large portions of the proceedings which he held were necessary for an understanding and the solution of the issues involved. He pointed out the deficiency in the submitted report, date by date. The plaintiff, who was appearing as his own counsel, had the means at hand to supply the whole report but arbitrarily re-

fused to do so. This did not represent "a bona fide effort to render a genuine and literal account of what occurred before the court on the trial of the case."

We reaffirm what was further said in Feldman v. Munizzo:

> "The right of appeal should not be denied a litigant who takes proper steps to comply with the requirement that an adequate report of the proceedings be preserved for review. By the same token we will not permit a scanty and inadequate report, showing on its face the omission of evidence, to suffice as a basis for compelling the court to reconstruct a record of the proceedings. The duty rests on the litigant and his attorney."

The motion for leave to file a petition for a writ of mandamus is denied.

Motion denied.

SCHWARTZ and McCORMICK, JJ, concur.