Peter S. SARELAS, Plaintiff-Appellant,

v.

Themis ANAGNOST, Defendant-Appellee.

No. 14481.

United States Court of Appeals Seventh Circuit.

May 18, 1964.

**112**

Peter S. Sarelas, Chicago, Ill., for appellant.

Gerald M. Chapman, Catherine Cook Anagnost, Edmond Mosley, Chicago, Ill., for appellee.

Before DUFFY, KILEY and SWYGERT, Circuit Judges.

DUFFY, Circuit Judge.

This is an appeal from an order of the District Court dismissing plaintiff's cause for want of jurisdiction.

The complaint herein is in two counts. Count One alleges that on "July 16, 1962, in the Old Post Office Building in the City of Chicago, County of Cook and State of Illinois, in Room 227, which on other occasions was accustomed to being used as a court room, and while plaintiff was attending in said room, the defendant Themis Anagnost, contriving with John C. Gekas * * * (and other named persons) to act as a mob en masse, to defame, destroy, intimidate, menace, threaten, oppress, harass and injure the plaintiff, while plaintiff was showing a public document in said room * * * that then and there the defendant Themis Anagnost, speaking for said mob en masse, uttered, spoke, published and exclaimed to the plaintiff in the presence of numerous other persons, the false, scandalous, malicious and defamatory words: 'This is a lie', referring * * * to said public document being shown by plaintiff in said room * *.'" Compensatory damages of $150,000 and punitive damages of $150,000 were demanded.

Almost identical allegations were contained in Count Two except for the allegation that defendant and others named contrived and conspired to deny plaintiff the equal protection of the laws guaranteed by the Fourteenth Amendment to the United States Constitution, and by certain sections of the United States Code. Total damages of $300,-000 were demanded in this count.

No personal violence is alleged. In his brief, plaintiff says he charged "an intentional tort." Under a most liberal interpretation of the language of the complaint, it might be said that plaintiff charged defendant with some kind of defamation.

Although the complaint alleges the matter in controversy exceeds, exclusive of interest and costs, the sum of $10,000, it is clear from the other provisions of the complaint that diversity of citizenship did not and does not exist.

Count One claims that the District Court had jurisdiction under Article I, Section 8, Clause 17 of the United States Constitution and under the provisions of Title 28, Sections 1331 and 1343, United States Code; it further alleges this ac-

tion arises under Article I, Section 8, Clause 17 of the United States Constitution and under Title 42, Sections 1985 (2) (3) and Section 1988 of the United States Code; also under Title 18, Section 241 and Title 28, Sections 1343 and 1331, United States Code.

It seems clear that no jurisdiction exists under the provisions of Article I, Section 8, Clause 17 of the Constitution of the United States. This provision provides: "To exercise exclusive Legislation * * * and to exercise like Authority over all Places purchased by the Consent of the Legislature of the State in which the Same shall be, for the Erection of Forts * * * and other needful Buildings; * * * " Although other "needful Buildings" could include postoffices, the provision in this clause, by itself, does not give jurisdiction to try the issues in the instant case.

Title 28, Section 1331, specifies the minimum amount which must be in controversy in a suit in a federal district court, and that such courts have jurisdiction of civil actions arising under the constitution, laws and treaties of the United States.

Title 28, Section 1343, provides the District Courts have jurisdiction of certain actions for the deprivation of civil rights. Neither Section 1331 nor Section 1343, Title 28, can be the basis of jurisdiction in the instant case.

Title 42, Section 1985(2) covers conspiracy to obstruct justice, intimidating the parties, witnesses or jurors. This section has no application. Section 1985(3), Title 42, likewise is inapplicable.

Title 18 U.S.Code § 241, likewise has no application to the case at bar. This section makes it a criminal offense to engage in a conspiracy to injure, oppress, threaten or intimidate any citizen in the free exercise and enjoyment of any right or privilege secured to him by the Constitution and Laws of the United States.

The claims of jurisdiction made in Count Two under the equal protection clause, cannot be sustained.

There is nothing in the complaint to tell us what title, if any, the United States Government has to the "Old Post Office Building in Chicago." We can take judicial notice that the United States Government owns buildings, including postoffice buildings, under differing grants of jurisdiction, and that some postoffice buildings are not owned by the United States Government.

We hold the District Court acted correctly in dismissing the cause for want of jurisdiction.

Affirmed.