(No. 43138.—

*In re* PETER S. SARELAS, Attorney, Respondent.

*Opinion filed November 30, 1971.*

PETER S. SARELAS, respondent, *pro se.*

JOHN CADWALADER MENK, *amicus curiae.*

PER CURIAM: This is a disciplinary proceeding in which the respondent, Peter S. Sarelas, is charged with having brought the legal profession and the judiciary into disrepute by initiating and maintaining numerous groundless and defamatory lawsuits against judges, lawyers, and private citizens. The Committee on Grievances of the Chicago Bar Association, as Commissioners of the Supreme Court under Rule 751 (Ill.Rev.Stat. 1969, ch. 110A, par. 751), has recommended that the respondent be disbarred.

The evidence of such lawsuits consisted largely of the various complaints filed by the respondent, and the adjudicative dispositions of them. A recitation *in haec verba* of portions of the allegations of certain of the complaints filed by the respondent, even though it unduly lengthens this opinion, furnishes an exegesis of the basis of

the charges. The following language is illustrative of the allegations and the nature of the suits.

In 1958, the respondent sought $100,000 in damages against 19 defendants, eight of whom were lawyers, charging conspiracy, defamation, assault and battery. The trial court dismissed the complaint insofar as the allegations of conspiracy and defamation were concerned, and ultimately entered summary judgment for the defendants on the charge of assault and battery. The respondent's appeal was dismissed in this court. In his subsequent appeal from the assessment of costs against him, the Appellate Court, First Judicial District, felt compelled to state: "In some of these documents the plaintiff attempts to readjudicate the issues found adversely to him in the original action; in some he injects excerpts from extraneous litigation participated in by him as a party or by the defendants as attorneys, and all of them are interlaced with abuse of the lawyer-defendants who are repetitiously charged with deception, fraud and perjury. There is no excuse for such documents and there is no reason for this court to wade through a mire of irrelevant matters and scurrilous attacks in order to extricate the substance of the plaintiff's contentions. If further motions of the same type are filed in this case they will be stricken." *Sarelas v. Gekas, 42 Ill.App.2d 136, 138.*

In 1960, the respondent sought $300,000 in damages against two lawyers and a layman, claiming he was libeled by answers to written interrogatories in another lawsuit. The charges in the complaint, similar to those made in subsequent lawsuits, recited that the defendants: "*** willfully, wantonly, maliciously, evilly, fraudulently, and corruptly combined, conspired, confederated and agreed with each other to defame, libel, insult, intimidate and injure plaintiff by making or causing to be made false, base, scurrilous and dastardly attacks upon the character of the plaintiff in the written answers to certain interrogatories propounded to the co-defendant herein, Basil

Christoforacos *** which said answers were known by defendants and each of them to be totally false, malicious, fraudulent and corrupt fabrications when made, calculated to defame, libel, insult, intimidate and injure the plaintiff *** and were known by the defendants to be irrelevant and impertinent to the issues in said claim." This case was dismissed in the trial court and the dismissal affirmed. *Sarelas v. Makin, 32 Ill.App.2d 339.*

In 1961, he sued 21 persons, seven of whom were lawyers, for allegedly having libeled him in exhibits filed in another lawsuit. The complaint charged: "That the said defendants and each of them, contriving and wrongfully, illegally, wickedly and maliciously intending to injure, harm, oppress, torment, ruin and destroy the plaintiff and to obstruct, pervert, hinder, impede and offend the process of the Court and the conduct of said cause 58 C 17505, then and now pending, and the due administration of justice, did unlawfully, wickedly and maliciously combine, conspire, confederate and agree together to falsely fabricate evidence under the guise and pretext of 'corrections' of the minutes of the October 31, 1958 meeting of the Hellenic Professional Society of Illinois *** All of which was knowingly and intentionally calculated to defame, libel, intimidate, torment, oppress, injure and induce an evil opinion of the plaintiff in the minds of right-thinking persons, knowing that said statements were false, fraudulent, corrupt and malicious fabrications when made, composed, written, circulated and published." This case was likewise dismissed and the dismissal affirmed. *Sarelas v. Alexander, 37 Ill.App.2d 436.*

Also, in 1961, the respondent filed suit against the Greek Counsul General in Chicago seeking $100,000 in damages for the defendant having purportedly: "*** intentionally, wantonly, maliciously, fraudulently and corruptly for the purpose of impeding, hindering, obstructing or defeating the due course of public justice and with intent to injure, oppress and intimidate the plaintiff from

enforcing his right to (his) legal remedies \*\*\*." This too was dismissed, and the dismissal affirmed. *Sarelas v. Rocanas (7th cir. 1962), 311 F.2d 36.*

In 1962, he sought \$200,000 in damages from a master in chancery for allegedly having intentionally, fraudulently, corruptly and maliciously violated his civil rights in falsely certifying to his testimony taken before the master. He further asserted that the master knew that the testimony had been altered and falsified. Summary judgment was granted for the defendant and affirmed on appeal. *Sarelas v. Sheehan (7th cir. 1963), 326 F.2d 490.*

In 1962, the respondent also sued 14 persons, 13 of whom were lawyers, seeking \$200,000 in damages and charging them with improper conduct and abuse of process in presenting to a court his depositions taken by virtue of another court order. The complaint alleged, *inter alia:* "That the defendant in the acts above stated acted wantonly, intentionally, maliciously, fraudulently, falsely, and corruptly by virtue whereof the plaintiff is entitled to exemplary or punitive damages." This case was likewise dismissed and the dismissal affirmed. *Sarelas v. Porikos (7th cir. 1963), 320 F.2d 827.*

In 1963, he sued a judge of the superior court of Cook County in the United States District Court for \$200,000 in damages. He alleged, among other things: "That the defendant, John J. Lupe, who on other occasions was a judge \*\*\* contrived to discriminate against the plaintiff and to damage plaintiff \*\*\* by allowing, approving and consenting to the use \*\*\* of a spurious, illegal and fraudulent document \*\*\* by allowing, approving and condoning the subjection of plaintiff to an ordeal by intimidation, defamation, insult and abuse \*\*\* by making an arbitrary and unfounded recital in the guise, color and pretense of an order, containing nonexistent and supposed facts, which the defendant \*\*\* used and allowed approved and condoned such recital to be used \*\*\* as an instrument of wrongdoing, and of derogation, defamation and denun-

ciation *** That the language and terms allowed, approved and condoned to be used *** in such ordeal, are obscene, opprobrious and immoral *** deprived the plaintiff of the right to judicial proceedings, and of the right to adversary judicial hearing *** upon pretended consideration of a fraudulent document which the defendant himself had actively encouraged and assisted *** to accumulate, knowing that it contained multitudinous alterations, deletions, and fabrications ingeniously calculated to discredit the plaintiff *** made and entered a void, arbitrary, and fraudulent edict to discriminate against the plaintiff and to damage plaintiff *** that the defendant knew that the pretended judicial proceedings were a sham and a nullity calculated to deprive the plaintiff of his reputation and his property *** knowing that they included falsely fabricated documents *** he then proceeded, under pretense of being a judge, to pretend to consider such documents and transcript, knowing all the time that said documents and transcript were frauds upon the court *** contrived to malignantly and wickedly discriminate against the plaintiff and to intimidate, defame and denounce the plaintiff *** in using said arbitrary and fraudulently begotten edict as an instrument of wrongdoing to defame, discredit, abuse, intimidate and injure the plaintiff *** contrived to malignantly and wickedly discriminate against the plaintiff and declared his deep and violent prejudice against the plaintiff as a United States citizen of the Greek race *** That the defendant committed all of the aforesaid acts to oppress, harass, injure, defame, and vilify plaintiff *** That the defendant in the acts above stated acted knowingly, intentionally, discriminatorily, willfully and maliciously, *** the plaintiff was oppressed, harassed, intimidated, defamed, disparaged and villified *** Said 'kangaroo court' is conducted in a room in the County Building and is conducted by a person pretending to be a judge and who on other occasions is a state court judge *** The defendant, John J. Lupe, *** contrived to wickedly and malig-

nantly terrorize, slander, menace, revile, oppress and denounce the plaintiff, under the sham and pretense of being a judge, and knowingly without judicial authority and in absence of jurisdiction." This case was also dismissed and the dismissal affirmed on appeal on May 25, 1965, by an announcement from the bench by the United States Court of Appeals for the Seventh Circuit, in case No. 14878.

In 1963, he sued an attorney for $300,000 alleging: "That the said words 'this is a lie' spoken and published by defendant, THEMIS ANAGNOST, in combination with said mob en masse were false, malicious, destructive and injurious and were so spoken and published with intent to injure, destroy, defame the plaintiff in his person, good name, credit, reputation and property and to intimidate, menace, threaten, harass and oppress plaintiff with intent to deny him the Equal Protection of the Laws. *** that the said statement *** was wholly false and defamatory and injurious, wickedly and evilly spoken and published and impertinent. *** Plaintiff was defamed, vilified, oppressed, harassed, and intimidated and brought into public scandal and disgrace and he was greatly injured and harmed in his person, good name, credit, reputation and profession, and he was caused to sustain great mental anguish, torment, distress, humiliation, pain and mortification ***." This case was dismissed in the trial court, and on appeal to this court as case number 39215, entitled Peter S. Sarelas v. Themis Anagnost, the appeal was dismissed May 13, 1965, on motion of appellee.

In 1963, the respondent also sued the same defendant in the Federal court on the same basis as asserted in the action brought in the State court. This suit likewise was dismissed, and the dismissal affirmed on appeal. *Sarelas v. Anagnost (7th cir. 1964), 332 F.2d 111.*

In 1964, he filed a petition for writ of *mandamus* and/or prohibition in the Supreme Court of the United States against the United States Court of Appeals for the

Seventh Circuit and John S. Hastings, Elmer J. Schnack-enberg and Luther M. Swygert, Circuit Judges, charging that in litigation in which he was involved, the court "persistently" issued opinions with statements directly opposite to the facts in the record. The respondent also charged that the court knowingly made recitals contrary to the record and knowingly relied upon a "patently perjurious affidavit" to shield a master in chancery who committed intentional torts against him. The relief sought in the petition was denied. *Sarelas v. United States Court of Appeals for the Seventh Circuit, 377 U.S. 926, 12 L.Ed.2d 303, 84 S.Ct. 1346.*

In 1964, the respondent filed a second action against the same master in Chancery for allegedly intimidating, oppressing, defaming, ruining and vilifying him in his profession as an attorney. Therein he sought damages in the sum of $300,000. This suit was also dismissed and the dismissal affirmed. *Sarelas v. Sheehan (7th cir. 1965), 353 F.2d 5.*

In 1966, he sued the Law Bulletin Publishing Company, and others, charging that the defendant wrongfully and maliciously published the results of a trial in another case in which the respondent was the plaintiff. The respondent sought $900,000 damages. Summary judgment was granted in favor of the defendants, and this judgment was affirmed on appeal. On defendants' cross appeal from the trial court order denying them costs and attorneys' fees under sections 41 and 57(5) of the Civil Practice Act (Ill.Rev.Stat. 1967, ch. 110, pars. 41 and 57(5)), the order was reversed and the cause remanded for hearing on the merits of defendants' motion for fees and costs. *Sarelas v. Law Bulletin Pub. Co., 115 Ill.App.2d 205.*

In 1967, the respondent filed a third action against Themis Anagnost, above referred to, and on this occasion sued him for $600,000, charging a violation of the respondent's civil rights. The case was dismissed by the United States District Court. Northern District of Illinois,

Eastern Division, and the dismissal was affirmed by a *per curiam* opinion of the United States Court of Appeals for the Seventh Circuit entered February 18, 1969.

In 1967, he also sued an ex-president of the Chicago Bar Association—an attorney—and sought $600,000 in damages on the ground that an affidavit of the defendant filed in the Law Bulletin Publishing Company case contained false, malicious and defamatory libel of the respondent. This case was dismissed.

After this grievance proceeding was initiated, the respondent and Sherman H. Skolnick sought judgment in the sum of $400,000 against the Chicago Bar Association and various individual members of that association, who were members of the grievance, judiciary and inquiry committees of the association, alleging, among other things, in language similar to that heretofore set forth, a conspiracy to shield and protect "a certain group, or so-called gang, of malefactors, and hereinafter more fully described, who obstruct, impede, corrupt and deter the due administration of justice in Illinois by perjury, jury tampering, terrorizing and injuring witnesses, bribery, and related malevolent offenses." This case was dismissed, and a similar suit was filed within a month thereafter, which was likewise dismissed.

The foregoing illustrations are taken primarily from the findings of the Committee on Grievances as commissioners, notwithstanding the respondent's objections to these findings. The hearings before the commissioners were conducted at great length; the record is voluminous, and it is largely made up of the respondent's continued challenges to the authority of the commissioners, objections to the proceedings, demands to cease and desist, and threats to sue participants in the proceedings.

The respondent contends, before this court, that Supreme Court Rule No. 751 (Ill.Rev.Stat.1969, ch. 110A, par. 751) is unconstitutional; that the complaint filed before the commissioners was not in the form required by

Supreme Court Rule No. 751(b) in that it was not properly signed; and that there was no evidence presented before the commissioners to substantiate their findings.

We have held on several occasions that the constitutionality or power of the Chicago Bar Association to act as commissioners of this court in disbarment proceedings is beyond question. *(In re Rieger, 402 Ill. 483, 484, 485; In re Roth, 398 Ill. 131, 135; In re Donaghy, 393 Ill.621, 623; In re McCallum, 391 Ill. 400 418.)* The commissioners are a fact-finding body only and their recommendations to this court are merely advisory. The respondent's contention that the acts of the commissioners and their conduct of this proceeding were unlawful and unconstitutional is without merit.

The original complaint against the respondent was filed in March of 1966 by the Committee on Inquiry of the Chicago Bar Association. The complaint was signed by Walter H. Moses and Paul B. Youle, who were designated therein as co-chairmen of the committee. An amendment to the complaint was filed in October, 1966. The amendment added three counts to the original complaint, referring to three additional legal proceedings involving the respondent which were not mentioned in the original complaint. Two of those proceedings were commenced after the filing of the original complaint—one was against the Chicago Bar Association lawyers involved in this proceeding. The amendment to the complaint was signed by the attorney who was prosecuting the case on behalf of the Committee on Inquiry.

Supreme Court Rule No. 751(b) states, among other things, that "no complaint against an attorney shall be entertained unless it is signed by *** the chairman of a regularly appointed committee of the Chicago Bar Association ***." The original complaint was signed by the co-chairman of the Committee on Inquiry, as required by the rule. We find the pleadings in this case sufficient to satisfy the requirements of the Supreme Court rule.

The second pleading filed on behalf of the committee was designated "Amendment to the Complaint" and not "Amended Complaint." It merely added Counts "IV," "V," and "VI" to the original complaint. It is apparent upon its face that it was not intended to supersede the original complaint. The original complaint remains a part of these proceedings and stands as the document upon which these proceedings originated. *(Bowman v. County of Lake, 29 Ill.2d 268, 272; Rodgers v. Meyers & Smith, Inc., 57 Ill.App.2d 200, 209.)* The signing of the amendment to this complaint by the attorney for the commissioners did not render the proceeding void as having been initiated without a complaint.

The respondent charges that the commissioners proceeded and made their findings without the benefit of evidence. It is true that the committee did not present witnesses to give oral testimony. The charge against the respondent, however, was that he brought the legal profession into disrepute and impaired public confidence in the judicial system by instituting groundless, frivolous, defamatory and scurrilous lawsuits. The evidence of such lawsuits consisted of the complaints which had been filed by the respondent and the adjudicative dispositions of them, as well as the testimony of the respondent under section 60 of the Civil Practice Act. The contention that there was no evidence is groundless.

The respondent has urged, and we agree, that he did not forfeit his personal right to access to the courts merely because he is a lawyer, but that is not what this proceeding is all about. A lawyer is an officer of the court. Upon admission to the bar, he must accept the imposition of certain standards of conduct, which, hopefully, are conducive to maintaining faith in the integrity of the legal profession and the judiciary.

The respondent here has taken out in litigious storm, not only against the judiciary, but also against fellow lawyers and laymen who have in some manner been

connected with prior disputes wherein he was involved. He has charged them with all manner of fraud and corruption and with the purpose of maliciously inflicting harm upon him. To borrow from his own complaints, he has made these charges with scurrilous and defamatory invective. He has demonstrated an unfortunate and insistent propensity to sue other lawyers with whom he has been involved in litigation, as well as members of the judiciary who have rendered judgments against him or his clients. He has consistently exercised this propensity with unprofessional and contemptuous language.

He has exhibited a continuous course of conduct of the type which we have found sufficient, in a single incident, to warrant disbarment. *(E.g., People v. Metzen, 291 Ill. 55.)* His demeanor before the commissioners was of a quarrelsome and abusive nature. He interrupted the hearings by continuous and repetitive challenges of the right of the commissioners to proceed against him, incessant demands that they cease and desist, and successive threats to sue the commissioners and persons involved in the proceeding. The threats, by the way, were carried out.

We have reviewed the complete report of proceedings. It is a tribute to the patience and tolerance of those conducting the proceeding that they were able to maintain any semblance of an orderly procedure. Amazingly, the briefs filed by the respondent in this court are devoted primarily to the same type of abusive, repetitive accusations which give rise to this proceeding. Much of his brief is nothing more than charges, repeated time and again against other members of the bar, the judiciary and the Chicago Bar Association.

The evidence clearly warrants the disbarment of the respondent. While attorneys are not to be denied access to our courts, they will not be permitted to abuse the license and privilege to practice law by instituting groundless lawsuits against the members of the bar, the bench, and

laymen who cross them. The type of litigation and conduct consistently engaged in by the respondent will not be tolerated.

In considering the sanction to be imposed against the respondent, we note that the record contains no charge or evidence of any other type of professional misconduct. We also consider the fact that he has long been licensed to and has practiced law for many years. In the light of these mitigating circumstances, we are reluctant to disbar the respondent even though the evidence warrants such action.

Consequently, the report of the commissioners is approved in all respects except with reference to the sanction to be imposed against the respondent, and the respondent is hereby suspended from the practice of law for a period of 2 years, and until further order of this court.

*Respondent suspended.*