(No. 45423.

*In re* ANNA A. PHELPS, Attorney, Respondent.

*Opinion filed September 25, 1973.*

ANNA A. PHELPS, *pro se.*

WILLIAM T. PANICHI and JAMES D. KELLY, both of Springfield, for *amicus curiae* Illinois State Bar Association.

PER CURIAM: The Board of Governors of the Illinois State Bar Association, serving as Commissioners of this court under Rule 751 (50 Ill.2d R. 751), has recom-

mended that the respondent, Anna A. Phelps, be suspended from the practice of law for a period of two years and until further order of the court. Respondent has filed exceptions to the Commissioners' report.

On June 4, 1970, the Inquiry Division of the Committee on Grievance of the Illinois State Bar Association filed a complaint against the respondent. The acts complained of arose out of a divorce action in which respondent appeared as counsel for the defendant, her brother.

Count I alleges that during the pendency of the appeal from orders entered in that action (*Kazubowski v. Kazubowski, 93 Ill. App. 2d 126, cert. denied, 393 U.S. 1117, 22 L. Ed. 2d 122, 89 S. Ct. 993*), respondent caused to be filed in the appellate court a frivolous, untrue, defamatory and scurrilous petition, motion and affidavit for review in which she charged the circuit court with coercion, and two judges of that court with illegal acts, collusion and use of the courts as a sham and a farce, to coerce and deprive her brother of freedom, liberty and property. She demanded these judges personally pay the amounts that the judges had ordered her brother to pay his wife and that these judges be held in contempt of court.

Count II alleges respondent commenced an action in the Federal District Court, Southern District of Illinois, in which respondent wrongfully, unprofessionally and in bad faith, sought damages of $250,000 from certain judges and attorneys. The documents filed therein, prepared by the respondent, charged the judges with acting in a criminal, discriminatory, arbitrary and capricious manner, and with having conspired, through unlawful manipulation and under color of State law, to obstruct justice and to deprive respondent's brother of his constitutional rights, to defraud him of his liberty and property, and to punish him for his prior appeal. The complaint was dismissed by that court.

Count III alleges respondent filed documents with this

court in a series of direct appeals taken from orders entered in the divorce action. (*Kazubowski v. Kazubowski, 45 Ill.2d 405, cert. denied, 400 U.S. 926, 27 L. Ed. 2d 186, 91 S. Ct. 188.*) The documents filed therein by respondent likewise contained a series of frivolous, untrue and defamatory statements charging members of the judiciary with repeated acts of judicial usurpation and oppression.

Respondent filed a "limited and special appearance" and a motion attacking the jurisdiction of the Hearing Division since she allegedly was not served. The Inquiry Division filed a motion for a default, and on April 23, 1971, a hearing was held.

At the hearing, during which respondent was absent, a deputy sheriff testified that he had served respondent with the necessary documents. The Hearing Division denied respondent's motion attacking its jurisdiction. The Division then heard evidence on the complaint and accepted as evidence documents filed in the litigation.

On July 5, 1972, the report and recommendation of the Hearing Division was filed with the Board of Governors serving as Commissioners of this court. It found the principal allegations of each count of the complaint were proved and the documents filed by the respondent in the various courts were "frivolous, untrue and scurrilous" as charged. Respondent's conduct was further construed as defeating the administration of justice and bringing the courts and legal profession into disrepute. The Panel recommended that respondent be suspended for two years.

This report was served on the respondent. She thereafter filed a "motion to dismiss the proceedings, report and recommendation," which was treated by the Board of Governors as exceptions to the report. On September 19, 1971, the Board of Governors convened, pursuant to notice, to review the report. Respondent again did not appear. The Board adopted the report and the findings made therein recommending a two-year suspen-

sion. The Board has moved we accept its report and recommendation.

Respondent, in her briefs before this court, persists in the type of allegations that are the basis for this action. She now, however, expands her view to include the Board of Governors in the group that has allegedly unjustly and illegally deprived her of her rights. Her attempts to draw extraneous and irrelevant matters pertaining to the divorce action into this proceeding will not be considered. (See *In re Sarelas, 50 Ill.2d 87.*) Basically she raises two contentions: first, that she was denied procedural due process when she was not permitted to answer the charges against her and, second, that Rule 751 (50 Ill.2d R. 751) is an unconstitutional delegation of this court's power.

Before the Hearing Division it was shown that respondent was served with notice of the charges against her. In her own affidavit she admits taking "something" from the sheriff but leaving it on a table. Furthermore, no one prevented her appearing in the proceedings. Thus we find her contention that she was denied due process utterly without merit.

We have held, under similar circumstances, that the authority of bar associations to act as commissioners of this court in disciplinary proceedings is well settled. (*In re Sarelas, 50 Ill.2d 87, 89.*) It was the duty of the Board of Governors to act as a fact-finding body for this court in disciplinary proceedings. While their findings were merely advisory, where, as here, they were based on uncontradicted and clear evidence, we will adopt them. See *In re Wyatt, 53 Ill.2d 44.*

The ultimate responsibility for disciplinary action rests in this court. We recognize that a vital purpose is to protect the integrity of our profession and our court system from unfounded attacks. We cannot permit scurrilous charges or groundless lawsuits to be brought by an attorney against the judiciary or another attorney in his capacity as an officer of the court. Such conduct has been

repeatedly held to be designed to bring the courts and the profession into disrepute. *In re Sarelas, 50 Ill.2d 87; People ex rel. Chicago Bar Ass'n v. Sherwin, 364 Ill. 350; People ex rel. Chicago Bar Ass'n v. Metzen, 291 Ill. 55.*

The report of the Board of Governors is accepted and the respondent is hereby suspended from the practice of law for two years and until further order of this court.

*Respondent suspended.*