In the Matter of the Application for the Discipline of Keith B. DAVIS, an Attorney at Law of the State of Minnesota.

No. 47630.

Supreme Court of Minnesota.

Feb. 10, 1978.

R. Walter Bachman, Jr., Administrative Director on Professional Conduct, and Daniel G. Heely, Asst. Administrative Director, Lawyers Professional Resp. Board, St. Paul, for appellant.

Keith B. Davis, pro se.

PER CURIAM.

This is a proceeding brought by the Administrative Director on Professional Conduct to discipline the respondent Keith B. Davis, an attorney at law admitted to practice in the State of Minnesota on October 20, 1967. The respondent denies the charges and presents as a defense the fact that two of the complaints stem from his conduct as a patent attorney, the regulation of which practice is outside the jurisdiction of state courts.

The matter was referred to the Honorable Warren A. Saetre, a judge of the district court, who conducted a hearing and filed findings, conclusions, and a recommendation that respondent be indefinitely suspended from the practice of law. We hold that the findings are amply supported by the evidence, and the referee's recommendation is adopted.

Two of the grounds for discipline arose out of respondent's relationship with clients in the practice of his profession as a patent attorney. In one instance he was paid a retainer but refused to refund or account for the unearned portion of his fee. His client was required to recover that amount by obtaining a judgment in conciliation court.

A second client also terminated his retainer when respondent, without advising the client, abandoned the application for a patent he sought, and refused to continue with the work unless his client agreed to give him a 50 percent interest in the client's invention. In each instance the respondent attempted by coercion to secure from his client affidavits exonerating him, and in one instance threatened his client with a libel suit.

Equally serious misconduct was found by the referee in matters unrelated to respondent's practice as a patent attorney. Respondent was involved in a protracted and acrimonious action for divorce in the course of which he was twice found in contempt for failing to obey support orders. He used his position as an attorney to harass his former wife with a barrage of motions to the point where he was permanently enjoined by the district court from bringing further motions without the express consent of the court. As a consequence, respondent, without cause or justification, at-

tacked the chief judge of the district court and the judge of the family court accusing the latter of being a character assassin in a conspiracy to destroy his practice and to use her position as a judge to promote her own political ends.

In a proceeding in the federal court, stemming from his divorce, respondent sued his wife's marriage counsellor and her attorney for $40,000,000.00 charging them with alienation of affection. In finding for the defendants, the Federal district court observed in an accompanying memorandum: ·

\* \* \* \* \* \*

"In light of this wide-ranging presentation by plaintiff, his abysmal failure to produce one shred of evidence in support of his allegations is a tribute to the baselessness of the complaint.

"In summary, the Court finds that this was a groundless and vexatious suit possibly warranting the assessment of attorney's fees against plaintiff."

\* \* \* \* \* \*

The referee found that respondent was guilty of violating the following provisions of the Code of Professional Responsibility

"DR 1–102. Misconduct

\* \* \* \* \* \*

"(4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.

"(5) Engage in conduct that is prejudicial to the administration of justice.

"(6) Engage in any other conduct that adversely reflects on his fitness to practice law."

"DR 2–110. Withdrawal from Employment

"(3) A lawyer who withdraws from employment shall refund promptly any part of a fee paid in advance that has not been earned."

\* \* \* \* \* \*

"DR 6–101. Failing to Act Competently

\* \* \* \* \* \*

"(1) Handle a legal matter which he knows or should know that he is not competent to handle, without associating with him a lawyer who is competent to handle it."

\* \* \* \* \* \*

"DR 7–101. Representing a Client Zealously

\* \* \* \* \* \*

"(2) Fail to carry out a contract of employment entered into with a client for professional services, but he may withdraw as permitted under DR 2–110, DR 5–102, and DR 5–105."

\* \* \* \* \* \*

"DR 7–102. Representing a Client Within the Bounds of the Law

\* \* \* \* \* \*

"(1) File a suit, assert a position, conduct a defense, delay a trial, or take other action on behalf of his client when he knows or when it is obvious that such action would serve merely to harass or maliciously injure another.

"(2) Knowingly advance a claim or defense that is unwarranted under existing law, except that he may advance such claim or defense if it can be supported by good faith argument for an extension, modification, or reversal of existing law.

\* \* \* \* \* \*

"(8) Knowingly engage in other illegal conduct or conduct contrary to a Disciplinary Rule."

\* \* \* \* \* \*

"DR 7–106. Trial Conduct

\* \* \* \* \* \*

"(5) Fail to comply with known local customs of courtesy or practice of the bar or a particular tribunal without giving to opposing counsel timely notice of his intent not to comply.

"(6) Engage in undignified or discourteous conduct which is degrading to a tribunal.

"(7) Intentionally or habitually violate any established rule of procedure or of evidence."

"DR 9–102. Preserving Identity of Funds and Property of a Client

\* \* \* \* \* \*

"(4) Promptly pay or deliver to the client as requested by a client the funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive."

The referee concluded with the following recommendation and memorandum:

"Based upon the foregoing Findings of Fact and Conclusions, it is hereby recommended that Respondent be suspended indefinitely from the practice of law and that reinstatement not be considered until such time as he is able to give substantial evidence that he has overcome his personal problems and paranoia; that when and if the Court should consider reinstatement, it should commence with a probationary period monitored by the Office of the Lawyers Professional Responsibility Board.

\* \* \* \* \* \*

"Prior to the commencement of this hearing, respondent was strongly urged to retain counsel to represent him, it appearing to the undersigned that respondent may not be able to make objective judgments. Certainly the files and exhibits offered and received at the hearing give evidence that respondent's judgments have been so poor that he now finds himself in this present predicament. He has used poor judgment in almost every instance that was called to his attention by the Ethics Committee and the Lawyers Professional Responsibility Board. If he had been able to recognize his failings, it seems quite likely that Mr. Bachman or the Hennepin County Ethics Committee could have worked out a solution which would have eliminated the need for these proceedings. The respondent is not amenable at this time to advice from anyone. Whether respondent is in need of psychiatric-medical treatment is not known but he would be well advised to consider it as certainly it appears that his paranoia towards judges, lawyers, the courts and others is not nor-

mal and his suspicions of other people's motives seems totally unfounded. The Hennepin County divorce files and the Federal District Court action indicates that respondent's problems existed when he was still employed by Minnesota Mining and has worsened since he commenced the practice of law as a sole practitioner. Respondent's vindictiveness towards his former wife knew no bounds and he totally disregarded the orders of the court time and again. His shabby treatment of clients is inexcusable.

"To respondent's credit, he gives the impression that he is knowledgeable in his field of patent law and if he were able to direct as much effort in the practice of law working for his clients as he has in fighting his wife, the courts and his clients, he no doubt could be quite successful. The time he has spent on these extraneous matters undoubtedly has consumed most of his time these past few years. Presently it does not appear that he has the capacity to make rational day to day judgments so necessary in the practice of law."

Although this court has no jurisdiction to prohibit the respondent from pursuing his profession as a patent attorney, *Sperry v. Florida,* 373 U.S. 379, 83 S.Ct. 1322, 10 L.Ed.2d 428 (1963), his misconduct in that capacity may be grounds for disbarring him from practice in the state courts. This record discloses an inexcusably insensitive understanding of respondent's fiduciary obligation to his clients. It is equally apparent that he suffers from severe emotional instability which seriously impairs his professional judgment. Without the benefit of competent medical testimony neither the referee nor this court is qualified to arrive at a diagnosis or prognosis concerning the respondent's mental health. There is, however, no evidence that respondent is disposed to submit to psychiatric or other medical treatment. In his present condition it is clear that he is not competent to represent clients in areas over which the state courts have jurisdiction. Consequently, we are in accord with the referee's recommen-

dation that he be suspended indefinitely from the practice of law in the State of Minnesota and that a petition for reinstatement not be entertained until such time as he is able to provide substantial evidence that he has overcome his psychiatric problems. It is so ordered.