In the Matter of the Application for the DISCIPLINE OF Robert J. TIESO, an Attorney at Law of the State of Minnesota.

No. C4–85–2210.

Supreme Court of Minnesota.

Nov. 14, 1986.

Robert J. Tieso, Miami, Fla., for appellant.

William J. Wernz, Director of Lawyers Professional Responsibility Bd., Betty M. Shaw, Asst. Director, St. Paul, for respondent.

AMDAHL, Chief Justice.

The Lawyers Professional Responsibility Board (LPRB) petitioned this court for disciplinary action against respondent Robert J. Tieso, charging him with one count of unprofessional conduct. We assigned the petition to a referee for a full hearing pursuant to Rule 14 of the Rules on Lawyers Professional Responsibility (RLPR). The referee submitted his findings of fact, conclusions of law and a recommendation to this court. Pursuant to RLPR 14(d), respondent ordered a transcript of the proceedings and challenges several of the referee's findings, which we shall summarize before addressing respondent's arguments.

Respondent and Barbara Tieso, now Barbara Swenson, were divorced in January 1980. Since 1981, respondent and Mrs. Swenson have been involved in "numerous and protracted post-decree custody and support actions in Ramsey County District Court." In the fall of 1982, respondent moved to California and stopped paying support. He returned to Minnesota in late 1983 and was able to have the unpaid support forgiven and have the child support reduced. Respondent requested evidentiary hearings for change of custody in late 1983 and June 1984, but both motions were denied. In November 1984, the district court granted Barbara Swenson's request for an increase in child support. One month later, respondent filed an action in United States District Court on behalf of his current wife Peggy Tieso, seeking $45 million in damages. Peggy Tieso was involved at the time in "an acrimonious post-decree custody dispute" with her ex-husband Duane Hansen. The lawsuit named Hansen, Hennepin County, Hennepin County

Court Services and several of its employees as defendants, alleging they conspired to deprive Peggy Tieso of her constitutional rights. The suit also named Barbara Swenson and her husband Fred (the Swensons) as defendants. The Swensons moved to dismiss the complaint and recover costs and attorney fees.

The federal district court granted the Swensons' motion. That court's order stated:

> The Court is especially disturbed by plaintiff's inclusion of the Swensons in the lawsuit. * * * The Swensons' connection to this action is that Barbara Swenson is the former wife of plaintiff's attorney, and current husband, Robert Tieso. * * * The Court finds that plaintiff's naming the Swensons as defendants in this action was vexatious, frivolous, and an attempt to harass and embarrass the Swensons. The Court will therefore award the Swensons their costs and reasonable attorneys [sic] fees * * *. The Court also finds that by adding the Swensons as defendants to this action, attorney Robert Tieso unreasonably and vexatiously multiplied the proceedings. Therefore, Robert Tieso will also be personally responsible for the Swensons' cost and reasonable attorneys' fees * *.

Following these actions, the LPRB initiated disciplinary proceedings.

The referee found that respondent has not paid the attorney fees awarded by the federal district court and has "circumvented all of the Swensons' efforts to collect the court's judgment." The referee also determined that the allegations against the Swensons in the lawsuit were groundless, frivolous and unwarranted under existing law, and that respondent made no good faith argument for extension, modification or reversal of law. The referee found that as a result of the lawsuit, the Swensons suffered anxiety, inconvenience and added expenses. The referee concluded that respondent violated Minn.Code of Prof.Resp. DR 7–102(A)(1) and DR 7–102(A)(2). He recommended a 3–month suspension with reinstatement dependent on respondent fulfilling certain conditions. Respondent contests the referee's findings and conclusions.

In support of his contentions, respondent cites numerous factual allegations not presented to the referee and therefore not in the record. Respondent did submit proposed findings of fact and conclusions of law to the referee but statements made in those documents were not under oath nor supported by evidence in the record.

Respondent urges this court to closely read the federal complaint to determine the merits of the lawsuit against the Swensons. Respondent is essentially requesting this court to review the federal district court's finding that the lawsuit was vexatious and frivolous with respect to the Swensons. We decline to do so.

The evidence in the record supports the referee's findings of fact. Barbara Swenson testified as to the numerous custody and support actions between her and respondent. The federal lawsuit filed by respondent and the federal district court order were also part of the record and support the conclusion that the lawsuit filed by respondent against the Swensons was unwarranted and vexatious.

We must next determine if respondent's actions constitute a violation of DR 7–102(A)(1) and DR 7–102(A)(2). Those rules state:

(A) In his representation of a client, a lawyer shall not:

(1) File a suit, assert a position, conduct a defense, delay a trial, or take other action on behalf of his client when he knows or when it is obvious that such action would serve merely to harass or maliciously injure another.

(2) Knowingly advance a claim or defense that is unwarranted under existing law, except that he may advance such claim or defense if it can be supported by good faith argument for an extension, modification, or reversal of existing law.

In determining if respondent violated DR 7–102(A)(1) and DR 7–102(A)(2), this case presents its own unique circumstances, although prior cases are helpful by analogy. *See In re Serstock*, 316 N.W.2d 559, 561 (Minn.1982). We find our prior decision in *In re Davis*, 264 N.W.2d 371 (Minn.), *appeal dismissed, cert. denied*, 439 U.S. 807, 99 S.Ct. 365, 58 L.Ed.2d 353 (1978), particularly applicable to the present case. Following a series of acrimonious legal actions arising from Davis' divorce proceedings, he filed a $40 million federal court action against his ex-wife and marriage counselor, charging alienation of affection, *id.* 264 N.W.2d at 372. The federal district court found for defendants, describing the action as "a groundless and vexatious suit possibly warranting the assessment of attorney's fees against plaintiff." *Id.* We found among other things that respondent Davis violated DR 7–102(A)(1) and DR 7–102(A)(2). *See also In re Phelps*, 55 Ill.2d 319, 303 N.E.2d 13 (1973) (violation of disciplinary rules where attorney filed "frivolous, untrue, defamatory and scurrilous" petitions for review in state court and federal court accusing the courts of conspiring to deprive her brother of constitutional rights), *appeal dismissed*, 415 U.S. 903 (1974). We find the actions of respondent in the present case likewise constitute a violation of DR 7–102(A)(1) and DR 7–102(A)(2).

We must now determine the appropriate discipline to be invoked for respondent's misconduct. Respondent asserts that no discipline is warranted because the misconduct was an isolated incident, citing to our decision of *In re Hoffman*, 379 N.W.2d 514, 519 (Minn.1986) (isolated incident is not usually grounds for discipline). In *Hoffman*, however, the "isolated incident" was a gross misdemeanor motor vehicle conviction, not the more serious offense (for disciplinary purposes) of using one's license as an attorney to file a frivolous lawsuit with the intent to harass.

■ The referee recommended a 3–month suspension with reinstatement conditioned upon specific requirements. While this court alone is responsible for determining appropriate discipline, we place great weight on the referee's recommendations. *In re Pearson*, 352 N.W.2d 415, 419 (Minn. 1984). In imposing a sanction, the purpose of disciplinary action is not to punish a respondent but to protect the public and serve as a deterrent against future misconduct. *In re Kraemer*, 361 N.W.2d 402, 405 (Minn.1985). This court carefully considers the nature of the misconduct; the cumulative weight of the disciplinary violations; the harm to the public; and the harm to the legal profession. *See In re Smith*, 381 N.W.2d 431, 434 (Minn.1986).

■ In previous cases decided by this court, the discipline imposed on the attorney for filing a frivolous suit was much more severe than the 3 months recommended by the referee in this case. *See In re Tymiak*, 343 N.W.2d 291 (Minn.1984) (disbarred); *In re Nelson*, 327 N.W.2d 576 (Minn.1983) (6–month suspension); *In re Wolfson*, 313 N.W.2d 596 (Minn.1981) (disbarred); *In re Agnew*, 311 N.W.2d 869 (Minn.1981) (disbarred); *In re Davis*, 264 N.W.2d 371 (Minn.1978) (indefinite suspension). Those cases all involved multiple counts of misconduct, however. In the present case, the complaint alleges a single count of misconduct based on respondent filing a frivolous, vexatious lawsuit against his ex-wife and her husband. A lesser sanction than those previously imposed is therefore appropriate in the present case.

We order the following sanctions:

1. Robert J. Tieso will be and hereby is suspended from the practice of law indefinitely, commencing from the date of this judgment;

2. Robert J. Tieso may not apply for reinstatement to the practice of law until at least 3 months have passed from the date of suspension;

3. After at least 3 months have passed, Robert J. Tieso may apply for reinstatement to the practice of law, provided he has met the following conditions:

a. That he has paid to Barbara and Fred Swenson all costs and attorney fees

awarded by the federal district court in dismissing the civil suit (Civil File No. 4–84–1305) against the Swensons;

b. That he reimburse the Swensons in an amount determined by the Director of the Lawyers Professional Responsibility Board to have been reasonably incurred by the Swensons under this disciplinary proceeding;

c. That he pay $500 to the LPRB pursuant to RLPR rule 24(a); and

d. That he submit proof of having satisfied RLPR Rules 18(e) and 26.