(No. 44818.

*In re* WILLIAM WALLACE WYATT, Attorney, Respondent.

*Opinion filed Oct. 2, 1972.—Rehearing denied Nov. 29, 1972.*

GARRETSON and THORNQUIST, of Chicago, for respondent.

JOHN CADWALDER MENK, of Chicago, *amicus curiae.*

PER CURIAM: The Board of Managers of the Chicago Bar Association sitting as Commissioners of the Supreme Court of Illinois under Rule 751 recommended that the respondent, William Wallace Wyatt, be suspended from the practice of law for a period of six months and until further order of the court. The only issue presented in this appeal is whether the sanction recommended is necessary and appropriate.

The facts are not in dispute. The respondent was named as trustee of a testamentary trust and directed to pay royalties received by the trust to the beneficiary, Lucille Keaster. However, he admits that he failed to report and pay such royalties amounting to approximately $1800 for the years 1968 and 1969 and converted such sums to his own use and benefit. Attempts made by the beneficiary through her counsel to obtain the money proved futile and she filed a complaint with the Chicago Bar Association. The Committee on Grievances, after

hearing the testimony, recommended an 18-month suspension. The Board of Managers in its report, however, recommended that the suspension be reduced to six months.

Respondent admits that he converted the funds entrusted to him, but maintains that extenuating circumstances would render any punishment unnecessary. These facts included serious domestic, personal and financial problems which occurred at the time of the conversion. Since that time, respondent has made substantial restitution of the funds and he asserts that he has made considerable effort to rehabilitate himself, including foregoing the practice of law for other employment which does not require an attorney's license. He maintains that under these circumstances suspension would be too severe a punishment and asks that he be granted "probation."

Conversion of funds entrusted to an attorney "involves moral turpitude and is a flagrant violation of his duties" and warrants disciplinary action. (*In re Clark, 8 Ill.2d 314, 319.*) The Commissioners, after a full hearing, correctly found that by his own admission respondent converted a client's funds to his own use. Based on this finding and, having considered the facts in mitigation of the act, the Commissioners recommended that respondent be suspended for six months and until further order of the court. While consideration will be given to the findings and recommendations of the Committee and the Board (*In re Krasner, 32 Ill.2d 121*), the ultimate responsibility for determining and imposing discipline rests with this court. (Ill.Rev.Stat. 1969, ch. 110A, par. 751.) We have always considered conversion of funds entrusted to an attorney conduct that warrants substantial sanction. Upon the record before us and after consideration of the facts in mitigation, we believe that a suspension for a period of eighteen months and until further order of the court is an appropriate censure and is commensurate with the gravity of respondent's conduct.

*Respondent suspended.*