(No. 66226.—

*In re* GLENN ABRAM ALTMAN, Attorney, Respondent.

*Opinion filed March 22, 1989.—Rehearing denied May 26, 1989.*

Daniel Drake, of Springfield, for the Administrator of the Attorney Registration and Disciplinary Commission.

Jerold H. Goldenhersh, of Belleville, for respondent.

JUSTICE WARD delivered the opinion of the court:

After a hearing, a panel of the Hearing Board of the Attorney Registration and Disciplinary Commission recommended that Glenn Abram Altman, who was admitted to the bar of Illinois in 1974, be suspended from the practice of law for two years. The Review Board concurred with the panel's findings and recommendation of suspension. One member of the Review Board recommended a suspension for one year.

The complaint of two counts charged the respondent with a violation of Canon 1, Rule 1—102 (107 Ill. 2d R. 1—102), alleging dishonesty, deceit and conduct prejudicial to the administration of justice, and a violation of Canon 9, Rule 9—102 (107 Ill. 2d R. 9—102), which requires a lawyer to promptly notify a client of the receipt of money to which the client is entitled.

Representing Barbara Kirchoff, the respondent filed an application for adjustment of claim with the Indus-

trial Commission and subsequently secured a settlement agreement. Pursuant to the agreement, at the attorney's request Kirchoff executed settlement contracts for $12,670.70 in March 1984. In April 1984 in response to her inquiry regarding the settlement proceeds, the respondent advised that the settlement had to be approved by the Commission. Kirchoff testified that she phoned the respondent three times in May and four times in June regarding the settlement and on June 21, she said, he stated that the Industrial Commission was backlogged. On June 29 the respondent informed her that the settlement had not yet been approved. Kirchoff was phoned on July 15 and was advised that the attorney had just gotten the settlement check and was mailing it to her. On July 17 he told Kirchoff the check was in the mail, and when she told him on July 20 it had not been received, he said he would stop payment and send a new check. On July 21 she did receive a check for $10,000, which was $136.56 short of her share of the settlement. The next week he mailed her a check for the balance. In response to her inquiry, the insurance company involved sent Kirchoff a photocopy of the settlement draft, which showed that it had been cashed on April 12, 1984, and that it had been made payable to Kirchoff and the respondent. When she inquired of the respondent as to who had signed her name to the check, he said that he did not know and that the bank had supplied the endorsement. After the bank denied supplying the endorsement, Kirchoff filed a complaint against Altman with the Attorney Registration and Disciplinary Commission. Prior to learning from the ARDC of the filing of the complaint, the respondent gave Kirchoff his check for $3,000, which represented the amount of his legal fee plus interest on the whole award for three months.

In his answer to the complaint, the attorney admitted receiving the check and signing his name and that of

Kirchoff's to it and then depositing the draft in his trust account in his bank. He acknowledged that he had no authority to sign the draft in behalf of Kirchoff. At the hearing, however, Altman testified that he had "no recollection whatsoever" of events between April 12, 1984, and July 20, 1984. The bank's records showed that the respondent, on April 20, 1984, drew a check on his trust account in his own favor in the amount of $6,000 and wrote a number of other checks in April, May, June and July which were also payable to himself. In his answer to the complaint, the respondent admitted that between April 12 and July 20, 1984, the balance in his trust account was below the settlement amount to which Kirchoff was entitled and that as of June 21, 1984, the balance was $11.41. To support his statement of having no recollection of events during the period, the respondent testified that in May 1983 his wife told him that she was taking their three children and moving to St. Louis and was divorcing him. They were divorced at the end of October. He described his father-in-law as an extremely domineering type, who exercised control over the respondent and his family. He said that his wife's brother-in-law had filed three separate petitions for a rule to show cause charging a failure of the respondent to make payments under terms of the divorce. The first two petitions were continued and on March 12, 1984, the day he received the insurance settlement draft, the respondent was served with the third petition, which he said caused him extreme emotional and mental distress. He testified that his divorce payments were in fact current, but the hearing panel observed that if that were so, it was remarkable that the third petition would have been a cause for mental distress. The panel noted that in numerous decisions of this court, including *In re Wyatt* (1972), 53 Ill. 2d 44, and *In re Smith* (1976), 63 Ill. 2d 250, an attorney's serious domestic and financial problems causing

emotional distress had been held not to provide a defense against charges of conversion of clients' funds. The panel found that the respondent was guilty of conversion, forgery, failure to remit settlement funds promptly and misrepresentation and deceit. The panel stated that the respondent's entire defense to misconduct hinged on the emotional and physical distress caused by his wife's family and the divorce. It observed that despite the distress, the respondent was able to write numerous checks payable to himself and to other payees, which indicated to the panel he was not disabled from transacting business and conducting his practice.

We consider that the charged violations were shown by clear and convincing evidence. The sanction recommended by the hearing panel and the Review Board is not inappropriate, and we adopt the recommendation. The respondent is suspended from the practice of law for a period of two years.

*Respondent suspended.*

JUSTICE CALVO took no part in the consideration or decision of this case.